[Sac. No. 1668. In Bank.—January 9, 1909.]

FRED S. STEVENS, as Executor of the Last Will and Testament of Adolph J. Weber, Deceased, Petitioner, v. SUPERIOR COURT OF THE COUNTY OF PLACER, Respondent.

ESTATE OF DECEASED PERSON—ACCOUNTING BY EXECUTOR—TITLE TO FUND CLAIMED BY EXECUTOR AS INDIVIDUAL—JURISDICTION.—The superior court sitting in probate in proceedings for the settlement of the accounts of an executor has jurisdiction to determine as against the executor, the amount of money or property of the estate that has come into his hands, for the purpose of charging him therewith, and in determining that question to determine all issues necessarily incidental thereto, including an issue as to the title to a fund in the hands of the executor which he claimed belonged to him in his individual capacity.

APPLICATION for a Writ of Prohibition directed to the Superior Court of Placer County. W. B. Nutter, Judge presiding.

The facts are stated in the opinion of the court.

L. L. Chamberlain, F. P. Tuttle, and H. C. Ross, for Petitioner.

James D. Meredith, and J. B. Landis, for Respondent.

ANGELLOTTI, J. — This proceeding was instituted by plaintiff to obtain a writ of prohibition, restraining the superior court of Placer County from trying and determining certain issues made by the objections presented to the first annual account of plaintiff as executor and the answer to said objections. The petition for the writ of prohibition shows the following facts: Plaintiff presented such account to said superior court on May 2, 1908. The same was regularly set for hearing. One Mrs. W. P. Scott, claiming to be the sole devisee under the will, filed objections to the account, one of her objections being that plaintiff had failed, neglected, and refused to account for the sum of $11,290.50, alleged to be a part of the estate which said executor has embezzled and converted to his own use in fraud of the right of the estate and those interested therein. Plaintiff filed an answer to these objections, in which he alleged that Adolph J. Weber had transferred this money to him in his individual capacity on September 26, 1906, the day before his death; that ever since said last-named day he has been the owner thereof in his individual capacity, and said estate has had no interest therein, and that this claim of Fred S. Stevens, in his individual capacity, is made in good faith and with the honest belief that he is the owner of such money. As executor he objected to the superior court, sitting in probate, hearing and deciding the question of the ownership of the money, on the ground that it has no jurisdiction to so hear and decide, but the superior court overruled his objections. A demurrer has been interposed to this petition for prohibition.

In support of his claim that the superior court is without jurisdiction to try and determine the issues thus made, plaintiff invokes the well-settled rule that the superior court sitting in

probate is without jurisdiction to try the question of title to property as between a representative of the estate and strangers to the estate. He fails, however, to point out what other remedy is available to those interested in the estate where the so-called stranger is himself the executor or administrator holding possession of money or other personal property in fact belonging to the estate, but claimed by him in his individual capacity adversely to the estate. There is no statutory authority for the maintenance of an independent action by them against him for the recovery of the property; he cannot be compelled to commence, nor could he maintain, an action against himself therefor, and the fact that he claims to be the owner of property which they claim belongs to the estate is no ground for his removal from the office of executor or administrator. Plaintiff suggests that a remedy might be found in the sections of the Code of Civil Procedure relative to the removal of the executor or administrator where it is made to appear that he has embezzled property of the estate, or has committed a fraud thereon, etc. This is practically a concession that the probate court under some circumstances has jurisdiction to determine the question of ownership between the executor and the estate, for manifestly any such proceeding would incidentally present similar issues as to ownership of the property, which would have to be determined by the court in probate against the contention of the executor or administrator before his removal could be adjudged. Doubtless such an issue could be determined in a proceeding in the matter of the estate for the removal of the executor or administrator, based on alleged embezzlement by him of property of the estate. That court having authority to remove him whenever it is made to appear that he is guilty of such an offense, must necessarily incidentally determine the question of the ownership of the property, for the purpose of determining whether he has been unfaithful to his trust. It would be a practical nullification of the statutory provision if the simple claim by the executor or administrator that he is the owner of the property in his individual capacity ousts the court of all jurisdiction to proceed in the matter of his removal.

It seems clear to us that the probate court must necessarily have the power to incidentally try and determine such an

issue between the executor or administrator and the estate in the matter of the settlement of his exhibits and accounts. The amount of money belonging to the estate received by an executor or administrator is one of the matters he is necessarily required to state in his accounts, and the correctness of his accounts in that regard is one of the matters to be determined by the court as between him and the estate on the settlement thereof. It cannot make any difference in this connection that the executor or administrator claims that certain money received by him is his property, and not the property of the estate. If it is in fact the property of the estate, he will not be heard to deny that he received it otherwise than as a representative of the estate, and the determination of the question of ownership is essential to a determination of the main and ultimate issue on the settlement of the accounts,—viz.; the question of their correctness. As was suggested by the opinion in the *Estate of Burdick,* 112 Cal. 387, 391, [44 Pac. 734], the power to determine as against an executor what property in his hands belongs to the estate is implied in the power to settle the final account, and determine what remains in his hands to be distributed. In the case just cited there was an appeal from the decree of distribution, the executor claiming that certain money distributed did not belong to the estate, but belonged to two other persons as trustees. By the decree settling the accounts of the executors it had been determined that he had this money in his hands as executor, subject to distribution, and it was held that this decree was conclusive against the executor. Mr. Justice Temple said: "If he," the executor, "is improperly charged, his remedy is to appeal from the decree settling his final account. I know of no other way in which it can be reached. His counsel says the probate court exceeded its jurisdiction in determining that this money belonged to the estate; I do not think so." This statement was concurred in by six of the justices of this court. We think there can be no doubt that the superior court sitting in probate has jurisdiction to determine as against an executor, the amount of money or property of the estate that has come into his hands, for the purpose of charging him therewith, and in determining that question to determine all issues necessarily incidental thereto. In such a case the rule invoked by plain-

tiff does not apply. See, also, *Estate of Hall,* 154 Cal. 527, [98 Pac. 270].

The only case cited by plaintiff that tends to support his contention is *Estate of Haas,* 97 Cal. 232, [31 Pac. 893, 32 Pac. 327]. There the executor claimed on the settlement of his accounts that certain money alleged to belong to the estate was held by him in his capacity as guardian of the minor, and the probate court, holding that it belonged to the estate, charged him with it in settling his account as executor. On appeal by the executor, the order settling the account was reversed, this court holding that the probate court could not determine the question of ownership of this money. The opinion is undoubtedly correct so far as it holds that the rights of the minor could not be affected by any adjudication of the probate court, but in so far as it may hold that the probate court has not jurisdiction to determine as against an executor the amount of money belonging to the estate that has come into his possession, we are satisfied that it is at variance with what must be held to be the true rule. The case is a Department case, and two of the three justices concurring therein also concurred in the views expressed by Justice Temple in the later case of *Estate of Burdick,* 112 Cal. 387, 391, [44 Pac. 734]. It is essential to the proper administration of estates that, for the purpose of determining the extent of the liability of the executor or administrator to those interested in the estate, the probate court should have the power to determine as against him what money or other property belonging to the estate has come into his hands, and, as said in the Burdick case, such power is implied in the power to settle his accounts and determine what remains in his hands to be distributed.

The alternative writ of prohibition issued herein is discharged and the proceeding dismissed.

Shaw, J., Sloss, J., Lorigan, J., Henshaw, J., and Melvin, J., concurred.