[S. F. No. 9860. In Bank.—March 24, 1922.]

In the Matter of the Estate of ALBERT J. FULTON, Deceased. EVA F. HUNT, Appellant, v. ETHEL A. CAMPBELL et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—ACCOUNTS—CLAIM OF ADMINISTRATRIX—JURISDICTION.—In a proceeding for the administration of the estate of a deceased person, the superior court has jurisdiction to determine that the administratrix has in her hands money of the estate which she has not accounted for and which she claims belongs to herself and not to the estate.

[2] ID.—FINAL ACCOUNT AND PETITION FOR DISTRIBUTION—HEARING—TIME.—The final account and petition for distribution in the estate of a deceased person may come on for hearing at the same time, at which the account should first be settled, and thereupon and without further delay the order of distribution may be made, without awaiting the expiration of the time for appeal from the order settling the account.

APPEAL from an order of the Superior Court of the City and County of San Francisco, settling the final account of an administratrix and from an order for distribution. Frank H. Dunne, Judge. Affirmed.

The facts are stated in the opinion of the court.

Eugene F. Conlin for Appellant.

Perry Evans and Charles F. Craig for Respondents.

SHAW, C. J.—In December, 1920, Eva F. Hunt, as administratrix of the estate of Albert J. Fulton, deceased, filed her final account as such administratrix, charging herself with the sum of thirty dollars in money and claiming credit for $631.23 for money paid out on behalf of the estate. Thereupon, the respondents, heirs of the decedent, filed exceptions to the account, claiming, among other things, that the administratrix had received $5,327 belonging to said estate which was not included in said account. Upon due notice, the account was heard and settled by the court. The order settling the account was made on February 1, 1921. It declared that the said sum of money was in the hands of the administratrix and belonged to said estate, and

charged her therewith. The balance therein charged against her was $5,282.25. On February 11, 1921, the heirs aforesaid who had contested the account filed a petition for distribution of the estate. This petition came on for hearing on March 3, 1921, and thereupon distribution was ordered of the assets of the estate in accordance with the laws of descent.

The said Eva F. Hunt appeals from the order settling the final account and from the order for distribution.

[1] The only point presented by the appellant in support of her appeal from the order settling the account is that, in a proceeding for the administration of an estate, the superior court has no jurisdiction to determine that the administratrix has in her hands money of the estate which she had not accounted for and which she claims belongs to herself and not to the estate. We do not find it necessary to discuss this question at any length. Precisely the same question was presented to this court in *Stevens* v. *Superior Court,* 155 Cal. 148 [99 Pac. 512], where the same objection was made to the jurisdiction of the court. It was there held that "the probate court must necessarily have the power to incidentally try and determine such an issue between the executor or administrator and the estate in the matter of the settlement of his exhibits and accounts. The amount of money belonging to the estate received by an executor or administrator is one of the matters he is necessarily required to state in his accounts, and the correctness of his accounts in that regard is one of the matters to be determined by the court as between him and the estate on the settlement thereof." (See, also, *Estate of Cover, ante,* p. 133 [204 Pac. 583].)

[2] The only objection to the order of distribution is that it was prematurely made. This objection is based on the fact that the order settling the final account was made on February 1, 1921, and that the time for taking an appeal therefrom had not expired when the petition for distribution was filed on February 11th, or when the order of distribution was made on March 3, 1921. There is no force whatever in this objection. Section 1634 of the Code of Civil Procedure authorizes the filing of a final account and a petition for final distribution at the same time and provides that on the settlement of said account distribution of the estate to the persons "entitled thereto may be immediately

had without further notice or proceedings.'' Section 1665 provides further that ''upon the final settlement of the accounts of the executor or administrator, or at any subsequent time,'' upon the application of an interested party, ''the court must proceed to distribute the residue of the estate in the hands of the executor or administrator, if any, among the persons who by law are entitled thereto.'' It necessarily follows from these provisions that the account and petition for distribution may come on for hearing at the same time, that the account should first be settled, and that thereupon and without further delay the order of distribution may be made, without awaiting the expiration of the time for appeal from the order settling the account. This is the common practice, even where there is a contest over the account. In the present case no difficulty arises from the practice. The appeal was taken from both orders, and as no point is made which authorizes the reversal of either, the result will be an affirmance of both.

The orders appealed from are affirmed.

Waste, J., Richards, J., *pro tem.*, Shurtleff, J., Lawlor, J., Wilbur, J., and Sloane, J., concurred.