[L. A. No. 9021. In Bank.—June 1, 1927.]

## HAMILTON A. BAUER et al., Appellants, v. LILY M. BAUER et al., Respondents.

[1] ESTATES OF DECEASED PERSONS—TITLE TO PROPERTY—CONTEST BETWEEN ESTATE AND REPRESENTATIVE OF ESTATE—JURISDICTION OF COURT.—It is the rule that the superior court sitting in probate is without jurisdiction to try the question of title to property as between a representative of the estate and strangers to the estate, for the reason that either the person initiating the attack or the one resisting it is lacking in privity to the probate proceedings; but when the title to property is claimed by a representative of the estate in his individual capacity, the superior court, sitting in probate, is vested with exclusive jurisdiction to determine the validity of such claim upon the settlement of the final accounts of such representative.

[2] ID.—FRAUD.—Where a claim is made while administration proceedings are pending that the executrix of the last will and testament of a deceased person has failed to return to the estate proceeds of the sale of property which she claims was transferred to her by the said deceased, the case is not one where extrinsic fraud practiced upon the probate court has conferred jurisdiction upon the superior court as a court of equity to interpose and furnish relief from a final order of the court in probate, but relief must be sought in the probate court in the course of the administration proceedings.

(1) 15 C. J., p. 1017, n. 7.   (2) 15 C. J., p. 1131, n. 31.

APPEAL from a judgment of the Superior Court of Los Angeles County. Hartley Shaw, Judge. Affirmed.

The facts are stated in the opinion of the court.

Hamilton A. Bauer for Appellants.

J. W. Morin and Morin, Newell & Brown for Respondents.

Devlin & Devlin, *Amici Curiae* for Appellant.

Hubbard & Johnson and T. W. Hubbard, *Amici Curiae* for Respondents.

1. See 11 Cal. Jur. 263.

SEAWELL, J.—By reason of the importance of the issues presented by this appeal and the bearing that our conclusion would have upon the administration of estates of deceased persons and the duties and rights of executors and administrators thereof, we deemed it expedient to grant a petition for a rehearing in this cause in order that a most thorough investigation and consideration of the questions might be had. The opinion rendered upon the first presentation was prepared by the late Mr. Justice Lennon and concurred in by all the members of this court participating therein. A petition for rehearing was filed and, for the reason above stated, was granted. The case has since been elaborately argued orally and carefully briefed by counsel in the case and also by *amici curiae* and submitted for our consideration. After full and careful consideration we find ourselves brought to the adoption of the conclusion reached upon the first presentation of the cause. We are of the view that such cases as *In re Burdick,* 112 Cal. 387 [44 Pac. 734], *Estate of Hall,* 154 Cal. 527 [98 Pac. 269], *Stevens* v. *Superior Court,* 155 Cal. 148 [99 Pac. 512], *Estate of Fulton,* 188 Cal. 489 [205 Pac. 681], and numerous other cases bearing more or less directly upon the question which might be cited to the same point, sustain the conclusion reached in the first instance. A few cases have been cited which seem to give some color to the appellants' claims, but they are entirely overcome by what appears to us to be the better considered line of cases. The latter are also more in consonance with a logical interpretation of the various code sections establishing our system of probate procedure and tend to bring litigation to a close. We are satisfied that no constitutional right was invaded by the decision first handed down by this court and that the rule announced would have the effect of preventing a state of confusion which would inevitably follow if appellants' views should be declared to be the law.

Our former opinion, which was set aside upon petition for rehearing, and which we adopt as the law of the case, follows:

"This appeal is from a judgment made and entered on October 16, 1925, in favor of the defendants after the making of a certain order by the trial court sustaining a de-

murrer without leave to amend and granting a motion to dismiss said action.

"The complaint of the plaintiffs herein, after alleging the qualifications of certain of said plaintiffs to maintain this action, proceeds to aver that on the 25th day of October, 1921, Emile Bauer, deceased, was the owner and in possession of a certain piece of real estate situate in Pasadena, California; that on said date there was in the safe deposit box of said Emile Bauer a deed to said property which he had theretofore subscribed and by which said deed, in consideration of love and affection, he had granted to Lily M. Bauer, the defendant herein, said property; that said Lily M. Bauer, on or about the 26th day of October, 1921, took said deed from said safe deposit box without the knowledge of said Emile Bauer and without his having made any delivery of said deed to her, and caused the said deed to be recorded; that said Emile Bauer died on the 4th day of June, 1923 in the city of Pasadena, leaving his last will and testament, which was, on or about the 12th day of July, 1923, duly admitted to probate and said Lily M. Bauer and one Lloyd C. Bauer were granted letters testamentary as the executrix and executor named therein; that the plaintiffs herein are legatees of said Emile Bauer under said will; that during the month of September, 1923, said Lily M. Bauer sold said real estate for the sum of $12,000, which she then received and has since retained and claims the same to be her individual property; that said Lily M. Bauer and Lloyd C. Bauer, as executrix and executor, respectively, of said estate, have refused to include in the inventory of said estate the said property or any portion thereof or the money derived from the sale thereof; that by reason of the failure and refusal of Lily M. Bauer and Lloyd C. Bauer, as the executrix and executor, respectively, of said estate, to include the said property and money in said estate and in the inventory of the estate, the said plaintiffs, who are legatees under the said will of said deceased, are being deprived of their respective shares and interests in said estate as fixed by the terms of said will; that said Lily M. Bauer and said Lloyd C. Bauer, as the executrix and executor of said estate, are acting in collusion with each other in refusing to maintain any action against Lily M. Bauer in her individual capacity to recover

for said estate said property or the proceeds thereof. The prayer of said complaint is that said defendant be adjudged to be a trustee for the benefit of the plaintiffs herein and of said estate in respect to the said sum of $12,000 derived by her from the sale of said real estate and for such other and further relief as may be meet in the premises.

"To the foregoing complaint the defendant Lily M. Bauer presented her demurrer upon the general ground that the complaint did not state facts sufficient to constitute a cause of action against said defendant and upon the further ground that it appears therefrom that there is another action pending between the parties for the same cause, to-wit, a proceeding in probate, and upon the further ground that the court has no jurisdiction of the subject matter of this action, the exclusive jurisdiction of the same resting with the court in probate, and also certain grounds of special demurrer which it is not necessary to consider.

"The said defendant also presented at the time of the filing her said demurrer a notice of motion to dismiss said action upon the ground that there is another action pending between the parties in reference to the same subject matter, to-wit: the estate of Emile Bauer, deceased, No. 62632, in probate; and upon the further ground that the court has no jurisdiction of the subject matter of this action.

"Prior to the hearing had upon said motion the plaintiffs presented a motion to said court for permission to add the names of Lily M. Bauer and Lloyd C. Bauer as executrix and executor of the last will and testament of Emile Bauer, as parties defendant in said action.

"The hearing upon the demurrer and also upon each of the foregoing motions came on for hearing before the court on the 13th day of October, 1925. Whereupon it was stipulated between the parties that the last named motion of the plaintiffs might be granted, joining Lily M. Bauer and Lloyd C. Bauer in their official capacities as parties defendant, and that the demurrer of Lily M. Bauer theretofore filed might stand as the demurrer of each and all of said defendants.

"The demurrer and motion to dismiss said action were then presented and submitted to the court for decision,

and thereafter and on October 14, 1925, the trial court made
its order sustaining said demurrer without leave to amend
and also made its further order dismissing said action. The
judgment followed from which this appeal has been taken.

"The main question presented upon this appeal is as to
whether the court had jurisdiction of the subject matter of
the action, for the reason that there was pending in the
probate court the proceedings for the administration of
the estate of Emile Bauer, deceased, and that this being
so, the probate court was the proper forum for the presenta-
tion and determination of the issues sought to be tried in
this action.

"The facts as they appear upon the face of the com-
plaint herein show that whatever individual rights the de-
fendant Lily M. Bauer claimed to the real estate described
therein and to the proceeds thereof arose prior to the
death of Emile Bauer. The question, therefore, presented
by the complaint for determination was whether or not the
defendant was the owner, in her individual capacity, of
said property. In short, the complaint seeks an adjudica-
tion of the title as between said defendant Lily M. Bauer
and the estate of Emile Bauer.

[1] "It is undoubtedly the rule that the superior court
sitting in probate is without jurisdiction to try the ques-
tion of title to property as between a representative of the
estate and strangers to the estate. (*Ex parte Casey*, 71
Cal. 269 [12 Pac. 118]; *Estate of Haas*, 97 Cal. 232 [31
Pac. 893, 32 Pac. 327].) This is necessarily so for the rea-
son that either the person initiating the attack or the per-
son resisting the attack is lacking in privity to the probate
proceedings.

"It has, however, been held that when the title to prop-
erty is claimed by a representative of an estate in his in-
dividual capacity the superior court, sitting in probate,
is vested with the jurisdiction of determining the validity
of such claim upon the settlement of the final accounts of
such representative. (*Stevens* v. *Superior Court*, 155 Cal.
148 [99 Pac. 512]; *Estate of Fulton*, 188 Cal. 489 [205 Pac.
681]; 2 Woerner's American Law of Administration, 3d ed.,
note, p. 1007; 3 Woerner's American Law of Administration,
p. 1769.)

"Appellants attempt to distinguish the cases cited by re-
spondents upon the ground that the cases holding that the

probate court has jurisdiction to determine the title to property claimed by the representative of an estate in his individual capacity were cases wherein the possession of the property was acquired by the representative by virtue of his official capacity. This may be conceded to be true of several of the cases cited by respondents. The case of *Stevens* v. *Superior Court, supra,* cannot, however, be so distinguished. The facts are practically identical. In that case the executor alleged that the testator had transferred certain money to him in his individual capacity prior to the testator's death and claimed the property as his individual property. Upon objections being filed to his final account upon the ground that said executor had failed, neglected and refused to account for the sum of money claimed by him, he sought a writ of prohibition to prevent the superior court, sitting in probate, from determining the validity of his title. The writ was denied upon the ground that the probate court did have the power to determine the title. The court said: 'It seems clear to us that the probate court must necessarily have the power to incidentally try and determine such an issue between the executor or administrator and the estate in the matter of the settlement of his exhibits and accounts. . . . We think there can be no doubt that the superior court, sitting in probate, has jurisdiction to determine as against an executor the amount of money or property of the estate that has come into his hands, for the purpose of charging him therewith, and in determining that question to determine all issues necessarily incidental thereto.'

[2] "It is self-evident that this is not a case where extrinsic fraud practiced upon the probate court has conferred jurisdiction upon the superior court as a court of equity to interpose and furnish relief from a final order of the court in probate. (*Silva* v. *Santos,* 138 Cal. 536, 541 [71 Pac. 703]; *Aldrich* v. *Barton,* 138 Cal. 220 [94 Am. St. Rep. 43, 71 Pac. 169].)

"The order of the trial court sustaining the demurrer without leave to amend and granting the motion to dismiss the action was, therefore, proper."

Judgment affirmed.

Richards, J., Shenk, J., Curtis, J., Preston, J., Waste, C. J., and Langdon, J., concurred.