[L. A. No. 9713. In Bank.—March 13, 1928.]

In the Matter of the Estate of CHRISTINE M. KELPSCH, Deceased. MRS. INGER A. BECKNER et al., Appellants, v. JOSEPH A. KELPSCH, Executor, et al., Respondents.

Henshaw, Black & Lyders, Eric Lyders and Rush & Mc-Cormick for Appellants.

Bradner W. Lee, Jr., and Kenyon F. Lee for Respondents.

PRESTON, J.—This is an appeal by certain legatees from the order settling final account and directing final distribution of the estate of Christine M. Kelpsch, deceased. There is no dispute as to the account itself. The dispute is as to the terms of the decree of distribution. The court held one-half of the estate to be community property and to belong to the husband, Joseph A. Kelpsch, he and Ellen C. Moline, *née* Johnson, being respectively executor and executrix under said will. The effect of this holding is to give appellants as legatees only one-half of what they would otherwise receive from said estate.

The issue presented, therefore, to the court below was as to the character of the property reported in the proceedings in said estate, and this appeal is controlled by the settlement of the single question as to whether sufficient evidence may be found to justify the conclusion of the trial court that the entire property reported by the personal representatives of the deceased was the community property of her

husband and herself. Or it may be stated in another way: Is there sufficient evidence to warrant the conclusion of the trial court that one-half only of the property so reported belonged to said decedent, the other half being the property of the husband?

It may be said here that the only witnesses who testified upon this subject were the husband and the executrix, who was extremely favorable to his claims. But since counsel is so earnest in his presentation of the matter, some of the pertinent facts shown will be recited.

For about twenty-seven years next prior to her death the decedent and Joseph A. Kelpsch were wife and husband and except during the last four or five years of her life they resided in Chicago. Decedent was about ten years older than her spouse. She had been a dressmaker. About the time of their marriage he became an architect and builder. At that time she had six hundred dollars and he four hundred dollars. They bought a city lot in Chicago and in about six months he had erected a dwelling thereon in which they lived for about two years, when the property was sold. This process of buying, building, and selling in said city occurred three or four times, always on a profitable basis, until, when they removed to California they had outstanding on property formerly owned and improved by them several mortgages securing sums of money aggregating several thousand dollars. The deeds and mortgages, the husband states, were all in their joint names. The deeds were not introduced in evidence and appellants strenuously objected to secondary evidence on this point but enough appears to warrant the court in concluding that such was the fact.

It is true that deposits of money were always in the name of deceased, but the husband says that was because she was the best manager and not because the property was hers nor did he make a gift of his interest therein to her. She, so the testimony shows, spoke of their relation as a partnership, she managing in part and her husband doing the building and managing in other departments of their various enterprises. The Chicago property was all liquidated prior to death of the wife and there remained only certain uncollected mortgages. In California, through their joint efforts, a contract of purchase was made of some real prop-

erty, the husband paying part and the wife paying part of the down payment and each contributing to the periodical installments to be met thereunder. The husband says this contract was in their joint names and such statement is not disproved.

There was some evidence that the husband and wife were living apart during the later years of her life, but the evidence showed that her ill health was a partial excuse at least for this. Their mutual respect continued and they consulted with each other and worked together as before.

Adding to this the testimony that the deposits were in her name for safekeeping and because she was the better manager of the two, but that they were not intended as a present or gift to her, how can we say as a matter of law that the court was not warranted in concluding that the whole estate was community property? The fact that each of them had at their marriage a few hundred dollars as separate property is not controlling as by mere verbal agreement these sums could have been transmuted into community property. The interpretation contended for by appellants denies to the husband all interest of every kind in the property. No reasonable deduction of that kind would be warranted as it is certain that he intended to retain some kind of an interest in the property. It certainly cannot be supposed that a man would work a lifetime for one with whom he was living in strained relations. The fact that all the property was returned as a part of the estate of decedent is not controlling for the contemporaneous claim that the whole of the estate is community property is also made a part of said report.

Neither do the presumptions under section 164 of the Civil Code create more than a situation which at most would but compel the conclusion that a conflict in the evidence was present.

Appellants assert that the court, sitting in probate, was not clothed with jurisdiction to hear and determine this issue. To uphold this assertion would produce a strange result for appellants invoked the jurisdiction of the court and several times during the trial conceded this to be the sole issue they desired to have determined. But since the decision in the case of *Bauer* v. *Bauer*, 201 Cal. 267 [256 Pac.

820], this question is not in doubt. It is there stated: "It has, however, been held that when the title to property is claimed by a representative of an estate in his individual capacity the superior court, sitting in probate, is vested with the jurisdiction of determining the validity of such claim upon the settlement of the final accounts of such representative. (*Stevens* v. *Superior Court*, 155 Cal. 148 [99 Pac. 512]; *Estate of Fulton*, 188 Cal. 489 [205 Pac. 681]; 2 Woerner's American Law of Administration (3d ed.), note p. 1007; 3 Woerner's American Law of Administration, p. 1769.)"

The husband claims one-half the property, asserting a right in existence prior to his qualifications as executor. But if it were a right accruing after he became such representative that would be all the more reason why jurisdiction would lie in the probate court. The fact that in the Bauer case the personal representative had possession of the property before appointment and in this case the property was in the possession of the decedent at her death constitutes no reason for declaring a distinction.

Again, it is proper to note that, although reporting the whole property in the inventory of said estate, nevertheless therein, and in the petition for probate and petition for distribution, the husband claimed it to be community property of the marriage and in the latter document he expressly tendered the issue by appropriate allegations to which appellants joined issue. Thus there is no ground for the contention that the husband estopped himself to claim an interest in said property. The most that can be said of the situation here presented is that the wife may have thought she had the right to dispose of all the property and from this it can be argued that one-half of the property was all she expected her husband to receive, but this observation does not change the legal effect of her act.

The order appealed from is affirmed.

Curtis, J., Seawell, J., Shenk, J., Waste, C. J., Richards, J., and Langdon J., concurred.