[S. F. No. 13315. In Bank.—October 22, 1929.]

In the Matter of the Estate of JOSEPH ROACH, Deceased. JOSEPH FRANCIS ROACH, Appellant, v. MARIE ROACH (a Widow), Respondent.

Matthew A. McCullough for Appellant.

Kington & Cunningham for Respondent.

PRESTON, J.—The order appealed from is reversed. On March 3, 1928, Joseph Roach died intestate in the city and county of San Francisco, leaving surviving him a widow, respondent herein, their minor daughter, and, by a former marriage, a thirty year old son, appellant herein.

Respondent, upon proceedings in due form, having been appointed administratrix of the estate of said deceased, filed therein her duly approved inventory, listing as the entire estate the following items: $1510.22 in money, $250 in

bonds and an automobile appraised at $500, all stated to be community property of herself and said deceased. Thereafter she petitioned under section 1469 of the Code of Civil Procedure to have set over to her the whole estate, the net value of which did not exceed $2,500, but after deduction of costs and expenses was about $1500.

Appellant thereupon filed his objections to the inventory and his petition for the removal of said administratrix upon two general grounds, to wit: First, her failure to account for, report or inventory certain real estate, which at the time of his death was the separate property of said deceased; and, second, her failure to account for the sum of approximately $9,000, also the separate property of deceased, which was carried in their joint names in a certain bank, from which it was withdrawn by said administratrix and converted to her own use.

Upon the hearing, appellant placed on the stand as his first witness the pharmacist who had filled the physician's prescriptions during the last illness of deceased, preparatory to offering further proof by which he intended to show that deceased, shortly before his death, while under the influence of narcotics and mentally incapable, had been influenced to execute a deed, not recorded until after his death, of certain real property to respondent, which property, so fraudulently procured, she had failed to include in the assets of said estate. The court, upon learning its purpose, stopped the examination of said witness and refused to hear further testimony upon the subject. After considerable discussion he ruled that the only remedy of appellant was a suit to set aside the deed or some proceeding in equity and he thereupon granted respondent's application and made his order settling her account, discharging her as administratrix and assigning the entire estate to her as the widow of said deceased, for the use and benefit of herself and said minor child. From said order appellant thereupon pursued this appeal.

The above ruling of the court below was erroneous. It is now well settled that the court, sitting in probate, is clothed with jurisdiction to hear and determine as against an administratrix the amount of money or property of the estate that has come into her hands, for the purpose of charging her therewith, and in determining that question to

determine all issues necessarily incidental thereto. (*Stevens* v. *Superior Court,* 155 Cal. 148 [99 Pac. 512]; *Estate of Fulton,* 188 Cal. 489 [205 Pac. 681]; *Bauer* v. *Bauer,* 201 Cal. 267 [256 Pac. 820, 821]; *Estate of Kelpsch,* 203 Cal. 613 [265 Pac. 214].) In the case of *Stevens* v. *Superior Court, supra,* where an executor alleged that the testator, prior to death, had transferred certain money to him in his individual capacity, which he claimed as his individual property, it was held that the probate court had power to determine the title.

A similar conclusion is reached in the other cases cited, all of which are directly in point. Indeed, the facts of the Bauer case and the doctrine there set forth are so pertinent that they will be reviewed briefly as decisive authority for the holding we here announce. In said case the deceased had executed and placed in his safe deposit box, without delivery to anyone, a gift deed to defendant of certain real property, which deed, after his death, she procured and caused to be recorded, thereafter selling the land and claiming the sale proceeds as her individual property, failing to include either money or land in the inventory of the estate. Plaintiffs sought relief through an equitable proceeding. This court, affirming the action of the court below in sustaining a demurrer without leave to amend, and granting a motion to dismiss the cause, said: ''It is undoubtedly the rule that the superior court sitting in probate is without jurisdiction to try the question of title to property as between a representative of the estate and strangers to the estate. (*Ex parte Casey,* 71 Cal. 269 [12 Pac. 118]; *Estate of Haas,* 97 Cal. 232 [31 Pac. 893, 32 Pac. 327].) . . . It has, however, been held that when the title to property is claimed by a representative of an estate in his individual capacity the superior court, sitting in probate, is vested with the jurisdiction of determining the validity of such claim upon the settlement of the final accounts of such representative. (*Stevens* v. *Superior Court,* 155 Cal. 148 [99 Pac. 512]; *Estate of Fulton,* 188 Cal. 489 [205 Pac. 681]; 2 Woerner's American Law of Administration, 3d ed., note, p. 1007; 3 Woerner's American Law of Administration, p. 1769.)''

The necessary effect of the above decision, in dismissing said proceeding in equity, is to vest in the probate court ex-

clusive jurisdiction to hear and determine issues of this character. Had appellant followed the ruling of the lower court here and instituted an equitable proceeding, it could, under the holding of the Bauer case, only have met with dismissal and his efforts to so secure relief would have been unavailing; hence our conclusion first herein announced.

Richards, J., Seawell, J., Curtis, J., Langdon, J., and Waste, C. J., concurred.