[Civ. No. 12678. Second Appellate District, Division Two.—August 19, 1940.]

PEARL ALDANA PARSLEY, Executrix, etc., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Norbert Savay for Petitioner.

J. H. O'Connor, County Counsel, Douglas De Coster, Deputy County Counsel, and Thomas W. Cochran for Respondents.

MOORE, P. J.—Petitioner, Pearl Aldana Parsley, requests a writ of prohibition against the respondent court to stay the trial of an action. Petitioner is the executrix of the estate of her decedent sister, Lucile Melissa Hare, who deceased January 12, 1938. Petitioner was qualified as the executrix of the estate of said deceased on June 14, 1938, and as such executrix took into her possession all of the assets of the estate. In order to quiet title in himself and to establish property as community property and to recover personal property and to procure an accounting, the surviving husband of Lucile, Everett Franklin Hare, filed his action in the Superior Court of Los Angeles County on the 8th day of December, 1938. In his first complaint he sued the petitioner both in her capacity as executrix of the estate and individually, and he joined a sister and brother of petitioner, to wit, Theresa Irene Parsley and Joseph Arthur Parsley. After successive demurrers

had been sustained, said Hare filed his third amended complaint, omitting therefrom petitioner's name as executrix. The third amended complaint, after setting out that the decedent bequeathed to plaintiff all of the separate property of decedent to enjoy during his lifetime, including the rents, issues and profits of certain real property and the income from personal property, which was for the support and maintenance of the plaintiff, alleges that plaintiff's deceased wife, pursuant to a mutual agreement between herself and defendants, entrusted certain personal property to defendants to invest for the benefit of decedent, to be accounted for upon the request of the decedent, and the said decedent subsequently turned over other property to defendants to be similarly invested, the identity and amount of which is unknown to plaintiff; that part of same was the separate property of decedent, part of it was community property of decedent and plaintiff; that several years prior to the death of decedent, defendants had in their possession and under their control certain real and personal property, some of which was the separate property of decedent and some was the community property of plaintiff and decedent; that upon the death of decedent the property became and now is the property of plaintiff; that plaintiff is entitled to the possession thereof; that although decedent left a will, the will did not attempt to dispose of any community property of decedent and plaintiff.

Plaintiff alleged that he had requested an "accounting from defendants of certain real and personal property and the rents, issues and profits therefrom". The defendants and each of them have refused to render such an accounting.

Notwithstanding that the said estate of decedent would not be in a condition for distribution on or about the 3d day of July, 1940, the plaintiff caused his said action to be set for trial on the first day of May, 1940.

In view of petitioner's plan to cause a distribution of the estate to the parties entitled thereto, on or about April 15, 1940, petitioner filed her motion to have said civil action continued to July 3, 1940. Her motion was based upon the ground that probate proceedings were pending in said court, which petitioner expected to be completed and which would adjudicate the issues between the parties. The motion was supported by an affidavit. The court granted a continuance

until May 17th, but declined to continue the case until July 3d, notwithstanding petitioner argued that the court had no jurisdiction to proceed with the action.

The only pleading filed to the petition for a writ of prohibition is a general demurrer, which alleges that said petition does not state facts sufficient to entitle petitioner to the writ of prohibition prayed for.

■ From the foregoing *résumé* of the petition it is made to appear that all of the estate of the decedent is in the possession of the executrix of the estate. All of her property is subject to the possession of the executrix and to the control of the superior court for the purposes of administration, sale or disposition. (Prob. Code, sec. 300.) It is the duty of her executrix to possess the property of decedent and to collect all debts owing decedent or the estate. (Prob. Code, sec. 571.) If the surviving spouse had any suspicion that any of the defendants had embezzled, concealed, smuggled or fraudulently disposed of any of the property of the decedent, upon his petition the judge sitting in probate would have cited the suspected person for examination ''on oath on the matter of said complaint''. (Prob. Code, sec. 613.)

Also, it is provided that the judge, sitting in probate, may upon the complaint of the executrix cite any person who has been entrusted with any part of the estate of decedent to appear before the court and require such person to render a full account on oath of any moneys, accounts, or other property which have come into his possession. (Prob. Code, sec. 613.) If it were the intention of plaintiff Hare to procure an accounting from the codefendants of executrix, or to have the estate recover any asset of decedent's estate in their possession, it is the conventional proceeding to request the executrix, under such circumstances, to proceed against such person; and upon her failure to do so, the next step in the proceeding to conserve the estate would have been to cite the executrix for nonfeasance and for causing the dissipation of the estate. (Prob. Code, sec. 615.) The executrix is chargeable with all of the estate of the decedent which comes into her possession. (Prob. Code, sec. 920.) Whenever any interested person applies to the court to do so, he must cause the executrix to render a ''verified account showing the amount of money received and expended and all other matters necessary to show the condition of the estate''. (Prob. Code, sec.

921.) Had the plaintiff in the action caused or permitted the executrix to file her account in the estate, and if it had appeared from such account that the executrix had not included moneys or assets of the estate which had been a part of the property of the decedent or the community property of decedent and plaintiff, upon a hearing of such account it would have been proper to examine the executrix touching the effects of decedent and the disposition thereof. (Sec. 927, Prob. Code.)

From an examination of said provisions of the Probate Code it clearly appears that not only is the executrix charged with the duty of taking possession of all of decedent's property and of collecting all sums due the decedent or her estate and of accounting therefor to the court, but the code has provided ample safeguards to all persons interested in the estate of decedent by authorizing such parties to require the executrix to make an accounting and for such interested parties to contest the account so rendered. Where property is claimed by an executor in his individual capacity, the superior court sitting in probate is vested with jurisdiction to determine the validity of such claim upon the settlement of the final account. (*Bauer* v. *Bauer*, 201 Cal. 267 [256 Pac. 820].) The superior court sitting in probate has jurisdiction to determine against the executor the amount of money or property in his hands for the purpose of charging him therewith, and in determining that question the court may also determine the issues necessarily incidental thereto. (*Stevens* v. *Superior Court*, 155 Cal. 148 [99 Pac. 512].)

The superior court has general jurisdiction, and in any question arising in the administration of an estate which it has been expressly authorized to decide, it may invoke the full equitable and legal powers with which the superior court is invested. (*Estate of Klepsch*, 203 Cal. 613 [265 Pac. 214]; *Silva* v. *Santos*, 138 Cal. 536, 541 [71 Pac. 703]; *Johnson* v. *Canty*, 162 Cal. 391 [123 Pac. 263].) Moreover, where the wife's estate is administered the superior court sitting in probate may determine what is the separate property of the decedent and what is the community property. (*Estate of Clark*, 190 Cal. 354 [212 Pac. 622].)

The prosecution of a civil action by the surviving husband of the decedent herein to determine his right to possession of any or all property of the estate of decedent is altogether un-

necessary. It merely adds volume of work without the accrual of any advantage. If all of the community property goes to said Hare, as the community survivor, it can be so decreed in said probate proceeding, in which any possible controversy relative thereto may be adjudicated.

Upon the authorities cited and the reasons given it is ordered that a writ of prohibition be directed to said superior court commanding it to desist from the trial of its civil action No. 434518, and to make no order therein prior to the final disposition of the estate of Lucile Melissa Hare except an order of dismissal.

Wood, J., and McComb, J., concurred.