[Civ. No. 13269.   Second Dist., Div. One.   Mar. 11, 1942.]

Estate of ROBERT MILLER, Deceased.   LOUISE MILLER et al., Respondents, v. EMMA MILLER, Appellant.

Willcox & Judson and Rupert B. Turnbull for Appellant.

No appearance for Respondents.

DORAN, J.—This is an appeal from two judgments of the Superior Court sitting in probate.

Robert Miller died on October 3, 1935. On November 5, 1935, William Jones was appointed executor of his will. On October 21, 1936, Raymond R. Hails filed a petition for revocation of letters and for his appointment as administrator with the will annexed of said estate. On December 31, 1936, Emma Miller filed an amended and supplemental petition for revocation of letters and for denial of petition of Raymond R. Hails for appointment as administrator of said estate, and for her appointment as administratrix with the will annexed. Thereafter, and on October 8, 1938, Louise Miller filed objections to the appointment of Emma Miller as administratrix with the will annexed and petition for her appointment as administratrix with the will annexed. Thereafter and on October 19, 1938, William Jones, as executor of the estate of said decedent, filed his account current and report of executor. Thereafter and on November 14, 1938, Emma Miller filed objections to the account current and report of executor. Thereafter the account current and petitions of the various parties came on regularly for hearing, at the conclusion of which appropriate findings of fact and conclusions of law in re account current were filed and the judgment followed.

At the same time there was heard the petition for letters of administration of R. R. Hails, objections of Emma Miller to his appointment, petition of Emma Miller for letters of administration, objections of Louise Miller to petition of Emma Miller, and petition of Louise Miller for letters of administration. These matters were also heard in the same court at the same time, before the same judge; findings filed and judgment entered accordingly. This appeal is from the two judgments above mentioned.

Without going into further details as to the facts, it is

contended by appellant that the probate court is without jurisdiction to try and determine the title to corporation stock, and to determine whether a corporation is the *alter ego* of deceased, in a probate proceeding. Appellant relies on *Stevens* v. *Superior Court,* 155 Cal. 148 [99 Pac. 512] ; *Bauer* v. *Bauer,* 201 Cal. 267 [256 Pac. 820]. The cited cases are not in point. It is there held that: It is undoubtedly the rule "that the superior court sitting in probate is without jurisdiction to try the question of title to property as between a representative of the estate and *strangers to the estate.*" (Italics added.) See, also, *Estate of Roach,* 208 Cal. 394 [281 Pac. 607]. No such state of facts is presented in the within appeal.

█ It is also contended that the issues decided could only be raised in connection with the settlement of the final account. No authorities tending to sustain appellant in this regard are cited in appellant's brief, the only one filed. Although the point is not therein mentioned, the action upon which the issues arose in the Stevens case, *supra,* was based on the "first annual account."

The judgments are affirmed.

York, P. J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 8, 1942.