[Civ. No. 13675. First Dist., Div. One. June 25, 1948.]

VARIAN E. SPENCER et al., Appellants, v. CROCKER FIRST NATIONAL BANK OF SAN FRANCISCO (a National Banking Association), as Executor, etc., Respondent.

398

Henry J. Kleefisch for Appellants.

Cooper, White & Cooper, Edwin T. Cooper, Chickering & Gregory and John Philip Coghlan II for Respondent.

BRAY, J.—Appeal by plaintiffs from a judgment of the superior court on an order sustaining, without leave to amend, defendant's demurrer—both general and special in form—to the second amended complaint. The court also granted defendant's motion to strike such second amended complaint.

While there are many questions raised, this appeal resolves itself mainly into the question—when legatees under a will claim fraud by the executor in the settlement of a contest against the estate, must their claim be made in the probate court?

Plaintiffs, eight in number, are beneficiaries under the will of Meta S. Healy, while defendant bank is the executor thereunder. In the second amended complaint there are two causes of action, the second (not included in either of the first two complaints) being a common count, alleging the indebtedness of defendant to plaintiffs in the sum of $40,538.85 for "money had and received," obviously grounded upon and springing out of the identical facts and circumstances set forth in the first cause of action. That cause of action seeks damages in a similar sum for fraud. It alleges that the defendant bank owned and controlled the Crocker First Federal Trust Company; that Meta S. Healy died testate on May 27, 1942, and that defendant bank was appointed and qualified as the executor of her will; that she

died childless and was the widow of William H. Healy, who died testate in 1931. The alleged fraud grew out of the proceedings in the probate of his estate. In his will, after certain bequests to other people, he bequeathed a specific cash legacy and the remainder and residue of his estate to his wife, Meta, with the "request" that upon her death she leave such portion as might be left of such remainder and residue to his heirs at law, who were Alice E. Healy and William R. Healy, children of his predeceased brother, Alfred. During the course of administration of William's estate, the said Alice and William R. claimed an interest in the residue of the estate, on the theory that the "request" was mandatory. A compromise of their claim was reached, and an agreement in writing, signed (Exhibit A to the complaint), under which it was agreed between the surviving wife, Meta, and the said Alice and William R., that Meta was to receive the entire residue of her husband's estate, but was to pay the sum of $5,000 to the claimants' attorneys, and deposit in trust with defendant bank "under and through and in the name of its instrumentality, the Crocker First Federal Trust Company," bonds to the value of $150,000, from which she was to receive the income during her life, and on her death the principal was to pass from the trustee and vest in Alice and William R. In consideration of this settlement, the latter, for themselves and their heirs, waived all claim to the residue of their uncle's estate. A copy of the trust agreement between Meta Healy and Crocker First Federal Trust Company is annexed to the complaint.

After the death of Meta Healy, Alice and William R. instituted a contest of her will on the ground of testamentary incapacity. Except for the release contained in the above mentioned agreement, said persons, in case of Meta's intestacy, would be entitled to succeed[1] to whatever estate came to her as the separate property of her predeceased husband or as community property of him and her. Actually, by reason of said release, the said Alice and William R. were not entitled to contest said will or to succeed to any of her estate. (In addition to the property coming to her from her husband it is claimed that she had separate property of the value of about $250,000.) The defendant bank "care-

---

[1] (Under Prob. Code, § 229.)

fully and studiously suppressed and concealed'' from the beneficiaries of Meta's will, including the eight plaintiffs, none of whom knew of the release, its knowledge of the release, and while, as executor, occupying a position of trust towards plaintiffs and the other beneficiaries, procured them to sign an agreement with the executor authorizing defendant, as executor, to deduct from the shares of said estate to be received by said beneficiaries the sum of $75,000, to be paid by it to Alice and William R., as a compromise of the claims of the latter in said estate and for a dismissal of said contest and a release of all claims. It is further alleged that plaintiffs' shares of said compromise paid by the executor from their interests in the estate amounted to $40,538.85; that defendant bank obtained from the probate court a decree of distribution of plaintiffs' shares in said estate but withheld from payment to them out of their distributive shares the said sum of $40,538.85 which defendant paid to said contestants; that each of the plaintiffs signed the authorization to pay their portion of the settlement out of his share of the estate at the importunity of, and by reason of his confidence in, defendant bank, and would not have done so had the fact of the prior release been revealed to him; and that defendant bank knew that plaintiffs were receiving no consideration for the payment to the contestants and the compromise was in fraud of plaintiffs' rights.

The first amended complaint was substantially similar to the first cause of action in the second amended complaint. To the first amended complaint the defendant filed a general and special demurrer. The court overruled the general demurrer without prejudice to renewing it as to the next amended complaint, but sustained the special demurrer on the ground, among others, ''that it cannot be ascertained from the Complaint whether or not there has been a final distribution of the Estate of Meta S. Healy, and whether or not the final account of the Executor of said Estate has been settled, allowed and approved.'' In spite of this ruling of the court, plaintiffs did not see fit in the following amended complaint to meet this objection and to allege whether there had been such account or distribution.

█ The right to amend after a demurrer has been sustained to a complaint is not an absolute one but is one which may be granted or denied in the discretion of the court; and its action will not be disturbed on appeal unless

there has been a manifest abuse of discretion. (Code Civ. Proc. § 472a; 21 Cal.Jur. § 77, p. 119; 9 Cal.Jur. 10-Yr. Supp. p. 216 et seq.) In the absence of some valid explanation, the refusal of plaintiffs to amend, as directed in the order sustaining the demurrer to the first amended complaint, probably would justify the court in exercising its discretion in refusing to permit an amendment to the second amended complaint. However, there is a more important ground which requires that the court's action be affirmed, and that is, that as long as the probate court still had jurisdiction of the Meta Healy estate proceedings, the lower court did not have jurisdiction of the subject matter of the complaint. (This was one of the grounds of demurrer.)

■ Where, as here, there is a general demurrer and a demurrer attacking the jurisdiction of the court, and the order sustaining the demurrer is general in terms, this order must be affirmed if the demurrer was properly sustained as to any one of those grounds. (*Moxley* v. *Title Ins. & Trust Co.,* 27 Cal.2d 457 [165 P.2d 15].)

■ Although plaintiffs contend that their action is one against the defendant bank, in its individual capacity, for fraudulently procuring them to release portions of their shares in the Meta Healy estate, actually their cause of action (assuming for the purposes of demurrer that the allegations of their complaint are true) is based upon the fact that they are beneficiaries of the will; that defendant, as executor, fraudulently induced them so to act in order that as executor defendant might settle a contest of said will, and that defendant, as such executor, has improperly failed to pay them the share of said estate heretofore distributed to them by the court. It is really a controversy between the executor and the beneficiaries relating to the conduct of the executor and its administration of the estate. As said in *Colden* v. *Costello,* 50 Cal.App.2d 363, at page 370 [122 P.2d 959]: ''The Probate Code provides one comprehensive, exclusive method for administration upon the estates of decedents. The proceeding is *in rem* and the jurisdiction of the court is complete over the property of the estate and over all persons claiming interests therein under the decedent, as to all matters involved in a complete and effective administration.'' And in *Nickals* v. *Stanley,* 146 Cal. 724, at page 726 [81 P. 117], the court stated: ''An administrator holds all of the assets of an estate, subject to the control of the court having

jurisdiction of the estate, and that court has sole and exclusive jurisdiction to settle the accounts of the administrator, and to determine to whom the property of the estate shall be set apart or distributed. *The liability of the administrator, arising from his dealings with the property of the estate, can, during the pendency of the administration and the lifetime of the administrator, be determined only by the judgment or order of such court. . . .*" (Emphasis added.)

█ Under well-established rules of pleading we must construe the allegations of the complaint against the pleader. (21 Cal.Jur. § 29, p. 51; 9 Cal.Jur. 10-Yr. Supp. § 29, p. 200.)

█ In view of the failure of the plaintiffs to amend as directed, we must assume that the Meta Healy estate is still in the course of probate and that no final account has yet been settled. (*Kleinclaus* v. *Dutard,* 147 Cal. 245 [81 P. 516]; *Whittemore* v. *Davis,* 112 Cal.App. 702 [297 P. 640].) (This was stated to be the fact by respondent in its brief and on oral argument, and appellant conceded that it was true.) In *Parsley* v. *Superior Court,* 40 Cal.App.2d 446 [104 P.2d 1073], the court upheld the granting of a writ of prohibition restraining the superior court from proceeding in an action brought by the surviving husband against the executrix of his wife's estate to "quiet title in himself and to establish property as community property and to recover personal property and to procure an accounting" on the ground that the estate proceeding was still pending in the probate court. The court said (p. 450): "From an examination of said provisions of the Probate Code it clearly appears that not only is the executrix charged with the duty of taking possession of all of decedent's property and of collecting all sums due the decedent or her estate and of accounting therefor to the court, but the code has provided ample safeguards to all persons interested in the estate of decedent by authorizing such parties to require the executrix to make an accounting and for such interested parties to contest the account so rendered. . . . The superior court sitting in probate has jurisdiction to determine against the executor the amount of money or property in his hands for the purpose of charging him therewith, and in determining that question the court may also determine the issues necessarily incidental thereto. (*Stephens* v. *Superior Court,* 155 Cal. 148 [99 P. 512].)"

█ Here it is charged that the defendant executor fraudulently paid out to other persons $40,538.85 of plain-

tiff's shares in the estate. At the time of final accounting, the court may inquire into this claim, and if it is substantiated, compel the executor to account to plaintiffs for that sum. The probate court, on final accounting, has the right to determine what amount the executor holds belonging to the estate or to the beneficiaries, and if fraud has been practiced by the executor, or if the executor refuses to pay over to the beneficiaries of the estate money theretofore ordered distributed to them, the court may require it to account to the victims of that fraud.

In *Landis* v. *Grimes*, 38 Cal.App.2d 324 [100 P.2d 1089], the decedent, at the time of his death, owned certain bank stock which he had pledged to secure a certain debt. The executor of his estate caused the pledgee to sell this stock, and through an agent, the executor bought it at the pledge sale for far less than its actual worth. The executor in his first current account reported the sale and the money received therefrom (which the pledgee applied on the debt). The account was approved by the court. The legatees under the decedent's will knew nothing about the report until too late to appeal therefrom or to move under section 473 of the Code of Civil Procedure. When the executor filed his second current account the legatees sought to surcharge the first current account. The court refused to do so. Again, at the hearing of the final account and petition for distribution the legatees contested that account and asked the probate court to surcharge the final account. The court declined so to do. Thereafter the legatees brought suit against the executor claiming fraud in the pledge sale. In affirming an order sustaining a demurrer without leave to amend to the second amended complaint in that action, the court said (p 327): ''It is therefore clear the plaintiffs not only had a plain, speedy, and adequate remedy in the probate court, but they have exercised such remedy. *Conceding, as claimed, that the order settling the first account current may not be disturbed, nevertheless the probate court had power to surcharge the later accounts and, if any portion of the estate was being fraudulently converted, to direct the executor to recover it and account therefor in his later accounts. (Estate of Eilert,* 131 Cal.App. 409 [21 P.2d 630] ; *Security-First Nat. Bk.* v *Superior Court,* 1 Cal.2d 749, 757, 758 [37 P.2d 69].)'' (Emphasis added.)

The executor occupies a most confidential relationship to the beneficiaries of the estate. They have a right to rely on

its representations and to assume that it will deal fairly and honestly with them. Because of this fact, it could easily happen that the beneficiaries would not discover the fraudulent character of the acts of an executor as it proceeds with the management of the estate until shortly before the final accounting. But, if they discover that the trust has been violated, and if the estate is still in course of probate, they must seek relief from the probate court, which still has jurisdiction of the executor and of the estate. Thus, during the pendency of the probate proceedings, all questions between the executor and the beneficiaries concerning its acts as executor and its relationship with them, are within the exclusive jurisdiction of the probate court.

While there is only one superior court, and the probate court is merely a part thereof, that does not change the fact that where, as here, the parties are all ''interested'' in the estate and are already before the probate court, that court has exclusive jurisdiction of all questions concerning the conduct of the estate and their interests therein. Here the real question is whether the executor has fraudulently withheld a portion of the distributive shares of plaintiffs—beneficiaries of the estate.

In *Curtis* v. *Schell,* 129 Cal. 208 [61 P. 951, 79 Am.St.Rep. 107], the court used language which appears to support the position of plaintiffs. It said (p. 216): ''The probate court does not possess the requisite machinery to try a question of fraud; that is the peculiar province of a court of equity.'' However, the ground of the decision was that ''Under its probate jurisdiction the court cannot bring before it strangers to the estate for the purpose of adjusting their claims to property held by the executrix or administrator, or for determining their rights to the proceeds of a sale derived under those for whose benefits the sale was ordered.'' (P. 221.) In our case the parties are not strangers to the estate. Moreover, the opinion gives as one of the matters of which the probate court does have jurisdiction ''the distribution of the residue to those who are entitled thereto.'' (P. 220.) The probate court in this matter can determine on final distribution whether the plaintiffs are entitled to the $40,538.85 which they claim the executor improperly paid out. As said in *Nickals* v. *Stanley, supra* (146 Cal. 724, 726), the probate ''court has sole and exclusive jurisdiction to settle the accounts of the administrator, and to determine to whom the

property of the estate shall be set apart or distributed." In *Estate of De Barry*, 43 Cal.App.2d 715 [111 P.2d 728], in which the probate court required the attorney for the estate to restore to the estate attorney's fees received by him under an agreement with the executrix and heirs in excess of the amount allowed by the court, it was held (p. 725-26) : "The estate of a deceased person is in the custody and control of the probate court and it is within its exclusive province to determine the validity and the amount of all claims that are made against the estate to the end that parties interested may be heard upon the propriety of such expenditures. . . . Where an officer of the court without authority withholds personal property of the estate the probate court may require him to restore the property of the estate. . . ." "It is now well settled that the court, sitting in probate, is clothed with jurisdiction to hear and determine as against an administrix the amount of money or property of the estate that has come into her hands, for the purpose of charging her therewith, and in determining that question to determine all issues necessarily incidental thereto. (*Stevens* v. *Superior Court*, 155 Cal. 148 [99 P. 512] ; *Estate of Fulton*, 188 Cal. 489 [205 P. 681] ; *Bauer* v. *Bauer*, 201 Cal. 267 [256 P. 821] ; *Estate of Kelpsch*, 203 Cal. 613 [265 P. 214].)" (*Estate of Roach*, 208 Cal. 394, 395 [281 P. 607].) "It affirmatively appears from the creditor's claim upon which plaintiffs herein rely that the liability sought to be asserted against the estate is one arising by virtue of the former status of Carl P. Coloneus as executor, and that the asserted causes of action relate to funds for which he should have accounted to the estate and with which his account, presented by his executrix, could be charged upon a settlement thereof. . . . It affirmatively appears from the complaint that the Cone estate is still under administration in the probate court. That is the proper forum and the only one for the adjudication of the claims sought to be prosecuted in this independent action." (*Best* v. *Coloneus*, 56 Cal.App.2d 285, 288 [132 P.2d 260].)

At the oral argument, plaintiffs, in opposing the position taken by defendant that all matters concerning the alleged fraud of the executor and the payment by the executor of the $40,538.85 to the contestants, could and must be determined by the probate court on final accounting, contended, in addition to the claim that the probate court would have no

jurisdiction to try the question of fraud, that the question of the statute of limitations might be raised by defendant. The cases hereinbefore cited demonstrate the right of the probate court to examine into the fraud question. The executor could not raise the bar of the statute of limitations as against any matter cognizable by the court on the accounting. This is conceded by defendant. Its attorneys stated in open court at the argument, that a proceeding was then pending in the probate court and that the right of the plaintiffs to challenge there the acts of the executor in question here still exists, "without any statute of limitation problem arising."[1]

Plaintiffs concede that the second cause of action (common count) is for the same amount and arises out of the same transaction as the first cause of action. Therefore, if plaintiff is "not entitled to recovery under the first count, wherein all of the facts upon which the demand was based were specifically pleaded, he [is] not entitled to recover the same under a common count." (*Harris* v. *Kessler*, 124 Cal.App. 299, 303 [12 P.2d 467]. See also *Orloff* v. *Metropolitan Trust Co.*, 17 Cal.2d 484 [110 P.2d 396]; *Fruns* v. *Albertsworth*, 71 Cal. App.2d 318 [162 P.2d 666]; *Birch Ranch & Oil Co.* v. *Campbell*, 43 Cal.App.2d 624 [111 P.2d 445].)

As the sole jurisdiction of the subject matter and the parties is in the probate court, the demurrer to the second amended complaint was properly sustained without leave to amend, and the motion to strike that complaint was properly granted. The judgment is affirmed.

Peters, P. J., and Ward, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied August 19, 1948.

---

[1]Question by Peters, P. J., "Do you agree with your associate counsel that there can still be, without any statute of limitations problem arising, a proceeding in the Probate Court to challenge the very actions that are here challenged?" Answer of Attorney John Philip Coghlan II, representing defendant: "Yes."

Also on oral argument—question by Peters, P. J.: "Counsel, do you state to this Court now that there is still open to these litigants the right to proceed before Judge Fitzpatrick?" Answer by Attorney Edwin T. Cooper, also representing defendant: "Absolutely." Presiding Justice Peters: "To challenge the right of the Executor?" Mr. Cooper: "Absolutely."