518 P.2d 589

Charles J. ELKINS, Appellant,

v.

The ESTATE of Elsie E. ELKINS,
Deceased, Appellee.

No. 2 CA–CIV 1509.

Court of Appeals of Arizona,
Division 2.

Jan. 23, 1974.

Rehearing Denied Feb. 27, 1974.

Review Denied March 26, 1974.

J. Emery Barker, Tucson, for appellant.

Bilby, Thompson, Shoenhair & Warnock, P.C. by David W. Richter, Tucson, for appellee.

## OPINION

HOWARD, Judge.

The question to be answered by this appeal is what procedure must an executor of

an estate follow in order to have resolved his claim of title to assets inventoried in the estate.[1] Appellant, co-executor of the estate of Elsie Elkins, claims ownership of a mortgage, a contract of sale and a parcel of real property which were inventoried as assets of the estate. The basis for his claim is that there were scrivener's errors in the documents relating to the property which if corrected would give him title to the property as surviving joint tenant. Appellant followed the procedure set forth in A.R.S. § 14–568. Upon rejection of the claim by the probate judge, appellant filed an action against the estate as required by A.R.S. § 14–568. The trial court dismissed the complaint for lack of jurisdiction. From the judgment dismissing the complaint, appellant appeals.

A.R.S. § 14–627(A) provided:

"When an account is rendered by an executor or administrator any person interested may appear and, by objections in writing, contest the account or any item therein."

Our Supreme Court in In Re Estate of Nolan, 56 Ariz. 366, 108 P.2d 391 (1940), approved A.R.S. § 14–627(A) as the proper procedure for an executor to follow when claiming assets included in the estate inventory:

"The amount of money belonging to the estate received by an executor or administrator is one of the matters he is necessarily required to state in his accounts, and the correctness of his accounts in that regard is one of the matters to be determined by the court as between him and the estate on the settlement thereof. It cannot make any difference in this connection that the executor or administrator claims that certain money received by him is his property, and not the property of the estate. If it is in fact the property of the estate, he will not be heard to deny that he re-ceived it otherwise than as a representative of the estate, and the determination of the question of ownership is essential to a determination of the main and ultimate issue on the settlement of the accounts, *viz.*, the question of their correctness. . . . We think there can be no doubt that the superior court sitting in probate has jurisdiction to determine as against an executor the amount of money or property of the estate that has come into his hands, for the purpose of charging him therewith, and in determining that question to determine all issues necessarily incidental thereto. . . ." In re Nolan, supra. (Quoting from Stevens v. Superior Court, 155 Cal. 148, 99 P. 512, 516 (1909).)

The trial court properly dismissed appellant's complaint.

Affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.

---

1. It should be noted that the statutes under discussion have been repealed by the legislature in enacting the Uniform Probate Code.