[No. 12301.    Department One. — January 24, 1888.]

In the Matter of the Estate of JANE ROWLAND, Deceased.

Estate of Decedent — Distribution — Adverse Claim to Property Distributed — Community Property. — A surviving husband, who claims certain property in the possession of the executors of the will of his deceased wife as community property to which he is entitled, cannot have his claim of ownership determined upon a proceeding for the distribution of his wife's estate.

Id. — Conclusiveness of Decree. — A legatee under a will, who claims certain property in the hands of the executor in his own right, and adversely to the estate, is not concluded by a decree attempting to distribute such property from afterwards asserting his adverse claims against the distributee.

Appeal from a decree of the Superior Court of the city and county of San Francisco distributing the estate of a decedent, and from an order refusing to have certain property segregated from the property of the decedent.

The facts are stated in the opinion of the court.

*Moses G. Cobb*, and *John Reynolds*, for Appellant.

*A. N. Drown*, for Respondents.

SEARLS, C. J. — This is an appeal from a final decree of the superior court distributing the estate of Jane Rowland, deceased, and denying the petition of appellant, the surviving husband of deceased, to have certain money and property in the hands of the executors, declared community property of petitioner and deceased, segregated from the separate property of the testatrix, and delivered to him, instead of being distributed to the legatees under the will.

It appears from the petition of the appellant, to which a demurrer was interposed and sustained, that in 1867 the petitioner and testatrix, who were husband and wife, by an agreement between themselves, divided their community property; that twelve thousand dollars of such property was in the hands of the testatrix, and was not divided, owing to the fact that petitioner supposed it was required to pay off certain claims against the common property.

The property thus divided and thereafter held by the parties in severalty as their separate property was sold in 1879 for one hundred and eighty-five thousand dollars, and thereupon an accounting was had between the parties, in which petitioner claims the testatrix was improperly allowed five thousand dollars on account of alleged expenses incurred by her as the agent of petitioner in and about his property. He now claims these amounts with interest, amounting in the aggregate to thirty thousand dollars, as community property, to which he was entitled upon the death of his wife.

Deceased left a will, which was duly admitted to probate, whereby her property was disposed of, and in which petitioner was a legatee to the extent of one dollar.

It is made the duty of the probate court, or the supe-

rior court acting as such, to distribute the estate of deceased persons, when ready therefor, to the heirs, legatees, and devisees, as the case may require and as provided by law; so, too, debts and demands against the estate may be ascertained, determined, and paid as provided by statute.

The law does not contemplate or provide for the distribution of property or money in the hands of the executor or administrator to persons who may claim adversely to the estate, but leaves all such questions to be determined by action on behalf of or against the executor. The estate as distributed must go to the heirs or legatees or devisees, or to some of them, or those holding under them, and the decree, when made, is conclusive as to their rights, subject only to be set aside, modified, or reversed on appeal. (Code Civ. Proc., sec. 1666.)

Appellant does not claim under or through the estate, but adversely and in opposition thereto.

"Upon the death of the wife, the entire community property, without administration, belongs to the surviving husband," etc. (Civ. Code, sec. 1401; *Moore* v. *Jones*, 63 Cal. 12.)

Under the eleventh section of the act of 1850, upon the death of the wife, one half of the community property vested in her descendants. (*Payne* v. *Payne*, 18 Cal. 291.)

The amendment of 1874, contained in section 1401, quoted above, has changed the rule in this respect; and as to the community property, the husband does not, upon the death of the wife, take by succession. The *estate in expectancy* of the wife in the community property is dependent upon her survivorship; and in the event of her death before her husband, it is deemed never to have existed. If we are correct in this, the husband does not, upon the death of his wife, as to the community property, take by descent or succession, but

holds the community property as though acquired by himself, and as if his deceased wife had never existed.

The contention of counsel for appellant, that the claim of the latter will be concluded by the decree of distribution, is not tenable. Under section 1666, Code of Civil Procedure, the decree is only made conclusive as to the rights of heirs, legatees, and devisees. As appellant does not, as to the claim, come within the category of these, he will not be bound thereby. He appears in a twofold capacity: 1. As a legatee under the will, and as to his rights as such he will be bound by the decree; and 2. As a claimant, in his own right, antagonistic to the estate. In this latter capacity he will be no more concluded than a third party would be, who might chance to claim real estate adversely to decedent and his representatives. (Freeman on Judgments, sec. 66, and cases cited; *Bath* v. *Valdez*, 70 Cal. 359.) If, as may well be, his demand only amounts to a claim against the estate, which should have been presented to the executors, it cannot alter the case as presented here.

The decree and order of the court below appealed from are affirmed.

PATERSON, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.