[S. F. No. 7315.  Department Two.—December 22, 1915.]

In the Matter of the Estate of ELIZABETH WENKS, Deceased. JOSEPH WENKS, Appellant, v. EDWARD E. GEHRING, Executor, etc., of Elizabeth Wenks, Deceased, Respondent.

ESTATES OF DECEASED PERSONS—ADVERSE CLAIM OF STEPSON TO ESTATE —DISTRIBUTION.—The adverse claim of a stepson of a testatrix to the property of her estate, based on the ground that it was the proceeds of the sale of community property conveyed to her by his father and sold by her after the latter's death, cannot be asserted on proceedings for the distribution of her estate. The determination of such a claim must be had in an action against the executor.

ID.—DEATH OF WIDOW WITHOUT ISSUE—PROVISION FOR SUCCESSION TO
    COMMUNITY PROPERTY BY CHILDREN OF HUSBAND — INTESTACY.—
    Subdivision 8 of section 1386 of the Civil Code, to the effect that
    if the deceased was a widow, leaving no issue, and the estate was
    the common property of the deceased and her predeceased spouse,
    such property shall go in equal shares to the children of such de-
    ceased spouse, is applicable only in cases of intestacy.

APPEAL from an order of the Superior Court of Alameda County distributing the estate of a deceased person. William S. Wells, Judge.

The facts are stated in the opinion of the court.

Carl E. Lindsay, and H. C. Lucas, for Appellant.

Burton Jackson Wyman, for Respondent.

Gutsch & Lempke, for Residuary Legatee.

HENSHAW, J.—Elizabeth Wenks died testate, disposing of all her property by will. Joseph Wenks, appellant, is her stepson, the son of her predeceased husband. During his lifetime that husband conveyed to her a piece of real property. No administration was had upon the estate of the husband of Elizabeth Wenks. Upon her death his son appeared and filed a contest in the matter of the final distribution of the estate, alleging that his father, the husband of Elizabeth, in his lifetime conveyed to Elizabeth certain real property which was community property; that the character of the property as community property was not changed by this conveyance and that it remained the community property of the two spouses until the death of the husband; that after the death of the husband Elizabeth sold this property, and that the property of her estate for which distribution is sought is the proceeds of this sale. The court refused to entertain the contest or to hear the proffered evidence in support of these allegations.

In this the court was clearly right. Appellant had abundant opportunity to establish the facts which he here asserts by appropriate action as an heir of his deceased father, and it was his duty to have brought or to have caused the bringing of such an action either by himself as heir or by the administrator of his father's estate. His claim here pre-

sented is a claim of title adverse to that of the estate, and "the law does not contemplate or provide for the distribution of property or money in the hands of the executor or administrator to persons who may claim adversely to the estate, but leaves all such questions to be determined by an action on behalf of or against the executor." (*Estate of Rowland,* 74 Cal. 523, [5 Am. St. Rep. 464, 16 Pac. 315].) Moreover, section 1386, subdivision 8, of the Civil Code, upon which appellant apparently bases his right to be heard, is applicable only to cases of intestacy. (*Estate of Brady, ante,* p. 1, [151 Pac. 275].) Here the deceased died leaving a will disposing of all of her property. No support can be found for appellant's position in *Estate of McCauley,* 138 Cal. 546, [71 Pac. 458]. There the court declared that under this section, in case of intestacy, the named relatives of the spouse first deceased are heirs so far as concerns the common property of the spouse last dying intestate. The decision then proceeds to show that there was a small amount of common property, amounting only to $499, in the estate of Jennie McCauley undisposed of by her will. This appears from the first paragraph of the decision, where it is pointed out that the distributable value of the estate is sixty-seven thousand dollars and the total value of the property disposed of by will amounts to sixty-two thousand dollars. The conclusion therefore properly followed that Jennie McCauley died intestate as to the small amount of community property, which would therefore descend, under the rules of succession, to the relatives of her husband, she having left no next of kin.

For these reasons the order appealed from is affirmed.

Melvin, J., and Lorigan, J., concurred.