[Civ. No. 9584. Second Appellate District, Division One.—August 3, 1934.]

In the Matter of the Estate of JOHN J. BRUCK, Deceased. CLARA BESSIE BRUCK, Appellant, v. ROBERT B. HENN, Respondent.

William G. Randall and Clarence L. Belt for Appellant.

A. J. Verheyen for Respondent.

HAHN, J., *pro tem.*—This appeal is brought by Clara Bessie Bruck, widow of John J. Bruck, deceased, from an order and judgment of the superior court sitting in probate. Involved in this proceeding is the question of ownership of certain real and personal property, and also the matter of amount of family allowance to the appellant as widow of deceased.

Upon the death of John J. Bruck, which occurred in Los Angeles on December 9, 1930, his last will and testament was duly admitted to probate, and respondent, Robert B. Henn, a nephew of decedent, was appointed executor thereof. Upon filing an inventory of the estate, he did not include as part of the estate the "So. 40 ft. Lot 7, Tr. No. 1554", which will be referred to as 1231 Vista Street, or the furnishings situate therein. Whereupon appellant, as widow of deceased and as a devisee and legatee under the will filed a petition in the probate court requesting that the court order the executor to make a return of the property in question in the inventory of the property belonging to the estate.

Respondent filed an answer to the petition, admitting that he was in possession of the real and personal property in question, but asserted that he was the owner of the property and that the Estate of John J. Bruck was not the owner, nor did said estate have any interest in said property. After a hearing on the matter, the court made its findings of fact and conclusions of law adverse to the contentions of petitioner and found in favor of respondent's assertion that he was the owner of the property in question. Judgment was entered decreeing title to the property in respondent.

. Appellant urges a reversal of the judgment on the following grounds:

"(a) that that portion of the said judgment which decrees that Robert B. Henn, the executor and respondent herein, is the owner in fee of certain real and personal property described, is in excess of the jurisdiction of the court, sitting as a court of probate.

"(b) that if said portion of the judgment is not in excess of jurisdiction, it is nevertheless erroneous in that it is based on findings that are outside the issues, and in that the findings are against the evidence.

"(c) that the remaining portions of the said judgment are erroneous on the grounds stated under (b) above."

The evidence fairly justifies the following recital of facts material to a consideration of the questions presented for determination on this appeal:

On or after May 29, 1923, the exact date not appearing, title to the property here involved was conveyed to respond-

ent Robert B. Henn by deed dated May 21, 1923, executed by Charles E. Nichols and wife, as grantors, and by them acknowledged on May 29, 1923. While there is no direct evidence in the record as to who furnished the money that was paid to Nichols for the property, respondent in his brief asserts that the purchase price was paid entirely by John J. Bruck, and bases his argument in part at least on the assumption that this is a proven fact in the case. Inasmuch as counsel for appellant in his reply brief seizes upon this admission as a point supporting his side of the controversy, we feel justified in accepting this admission of respondent as an established fact in the case. On May 28, 1923, respondent Henn executed and acknowledged a deed conveying to John J. Bruck the property deeded to him by Nichols. While the date of delivery of this deed is not shown, it does appear that the execution and delivery of the Henn deed was a part of the plan in accordance with which the property was purchased by deceased and title taken in respondent's name. Concerning the transaction of acquiring the property, the execution and delivery of the deed to Bruck, and the occupation of the property, respondent testified as follows:

"Mr. Randall: Q. Mr. Henn, you testified that you had been in possession of the property for about ten years? A. Yes, sir. Q. Prior to the death of the decedent, Mr. Bruck, you paid the rent on the property to him, did you not? A. Yes, sir. Q. How much did you pay? A. Fifty dollars a month. Q. You still occupy the property? A. Yes, sir. Q. That property you rented from Mr. Bruck, furnished, did you not? A. Yes, sir. Q. And the furniture you took possession of at the time you entered in as lessee is also still there, is it not? A. Part of it. Most of it has been changed, worn out, replaced. . . . Q. What would you say is the fair market value of the personal property now in the house which you received from Mr. Bruck as a lessee? A. I would say nothing at all. It must have some value, but there isn't much of it left—perhaps fifty dollars. . . . Q. Since you have been in possession of the property— since the death of Mr. Bruck and since you were appointed executor, have you paid any rent on the estate. A. No, sir. Q. When was the last rent you paid, Mr. Henn? A. The month of my uncle's death; I think it was the first of

December—must have been 1930. Q. The record shows, I believe, that Mr. Bruck died on December 9th, 1930? A. Yes, sir. Q. And you paid rent for that month, of December? A. Yes, sir. Q. But nothing since? A. No, sir.''

Question by Mr. Verheyen, attorney for respondent: ''Q. At the time that this deed to the property was delivered to you, and the deed which is introduced here in evidence was handed to your uncle, Mr. Bruck, what was said and what was done at that time? . . . A. I was to pay him $50 a month during his lifetime, but I was to consider the property mine. I was to pay $50 as long as he lived—was to pay him—on the first of each month. . . . Q. What was said between you and your uncle at the time this deed was handed back to him, regarding that deed? . . . A. He said that he would take the deed, and that in case I died before him that the deed could be filed by him—put the property back to himself; . . . Q. What did he say, if anything? A. But, he said, as long as he lived that I was to pay him $50 a month rent; that at his death, decease, the property was mine. Q. What was said and done by your uncle at the time the deed was delivered back to him? . . . A. He said that I was to own the property, that that was the purpose of the deed.''

Question by Mr. Randall, attorney for appellant: ''Q. One more question in regard to this deed which has been put in evidence—did you deliver this deed to your uncle at that time? A. Yes, sir. Q. And it remained in his possession thereafter, as far as you know, until you found it in his safe deposit box? A. Yes, sir.''

Respondent offered in evidence a letter which he found in decedent's safe deposit box, addressed to him dated April 18, 1928, the date of decedent's will. The only part of the letter referring to the property here involved reads as follows:

''In my will I bequeath to you house & lot on Vista Street, as this house is deeded to you, but you gave me a deed back on same, which I have in my box 24 First Nat. Bank. You can either record same or destroy Deed to me as I have never recorded it, but do as you see best.''

The will of John J. Bruck, duly admitted to probate, contains the following provision:

"Second. To my Nephew Robert B. Henn House and Lot and contents of house on 1231 Vista Street Hollywood Calif." The property referred to in the will is the property involved in this proceeding.

Inasmuch as we have come to the conclusion that appellant's contention that certain of the findings are not supported by the evidence is correct, we will confine our discussion in the main to this point. The portions of the findings necessary to our consideration of the matters urged, read as follows:

"That it is untrue that at the time of the death of John J. Bruck, decedent, or at any other time since the said decedent, John J. Bruck, deeded said property to Robert B. Henn, said Bruck was the owner of the real and/or personal property in the County of Los Angeles, to wit, a house and lot situated at 1231 Vista Street in the City of Los Angeles, with the contents of said dwelling.

"That it is true that by the terms of decedent's, John J. Bruck's, last Will, said decedent devised and bequeathed all of said real and personal property to Robert B. Henn, the Executor herein, although he did not own said property to so devise and bequeath; that it is true that for a long time prior to the death of said decedent, the said Robert B. Henn had resided in and had occupied the said property, and had done so as owner thereof, and it is also true that he paid said decedent, John J. Bruck, $50.00 per month until his death; but it is untrue that said Robert B. Henn was a lessee and/or tenant of said decedent and paid decedent rental of $50.00 per month; that it is true that ever since the death of decedent, the said Robert B. Henn has continued to and does now occupy the said premises and has not paid rental since the death of decedent and/or charged himself, in his accounting in this proceeding, with the said rental and/or the rental value of said property, or any part thereof, and he is not required to do so.

"That it is true that the decedent, John J. Bruck, deeded the property to Robert B. Henn prior to his death, and that Robert B. Henn gave a deed back to decedent, which was in decedent's safe deposit box at the time of his death; that it is true that it was not intended by said deed to deliver title back to said decedent, and title was not so delivered back; that it is true that said decedent and Robert

B. Henn had an agreement between them that said deed was not to be effective and was not to be recorded in the event decedent, John J. Bruck, died before Robert B. Henn; that it is true that Robert B. Henn agreed to pay decedent the sum of $50.00 per month as long as decedent lived and no longer and said deed was delivered to said decedent as security for the performance of said agreement and that he did pay said sum of $50.00 per month to decedent as long as he lived and fully performed under said agreement and was entitled to a return of said security and said security was fully satisfied; that it is true that Robert B. Henn did not intend to deliver title of said property to decedent, John J. Bruck, by the deed dated May 28th, 1923, that said deed was handed to John J. Bruck only for the purpose of such security and of having the same recorded in the event that Robert B. Henn died prior to John J. Bruck, the decedent or failed to make the payments aforesaid; that it is true that there was no intention on the part of the said Robert B. Henn to deliver title to said property to decedent, John J. Bruck, by deed dated May 28, 1923.''

As conclusions of law from the findings of fact, the court declared: ''I. The deed dated May 28th, 1923, executed by Robert B. Henn to John J. Bruck of the real property in the County of Los Angeles, described as (here follows description), was merely delivery of the deed's possession and was not accompanied by the intent that the deed should become operative as such, and that it was the intention of both parties that the party surviving should have his deed returned in case the other party should die, and furthermore, said deed was handed over merely to be used as security if it was to be used at all.

''II. . . . it is not necessary for the said Robert B. Henn, Executor, to make and return an Inventory and Appraisement of said above described real property, and/or the personal property contained in said dwelling house, and/or account for the rents, issues and profits of said real and personal property.

''III. That Robert B. Henn is the owner in fee of the real and personal property described as follows: (then follows a description of the real property and contents of the dwelling house.) . . . ''

The judgment, among other things, decrees: "That Robert B. Henn is the owner, in fee, of the real and personal property described as follows: (then follows a description of the property) . . . that the deed dated May 28th, 1923, executed by Robert B. Henn to John J. Bruck, to the property above described, was given as security for an obligation which is fully performed and satisfied and is now of no force and effect; that said deed was delivery of the deed's possession only, and was not accompanied by the intent that the deed should become operative as a deed, and that it was the intention of John J. Bruck and Robert B. Henn, that should Robert B. Henn survive John J. Bruck, the decedent, the delivery of said deed should not be accepted by said John J. Bruck and said deed should not be recorded.

" . . . that Robert B. Henn, as Executor, need not make and return an Inventory and Appraisement in the above entitled Estate of John J. Bruck, deceased, of the above described real property and/or personal property contained in said dwelling house, and/or account for the rents, uses and profits of said real and personal property; . . . "

■ Not only is there no evidence to support the repeated finding that John J. Bruck deeded the property to Robert B. Henn, but the record shows conclusively that one Charles E. Nichols and wife deeded the property to Henn. Again, if we may indulge the fancy that the first quoted finding relative to ownership was intended to mean that Bruck never was the owner from the time the title to the property was vested in Henn by the Nichols deed, this finding would seem to be in direct conflict with the admission of the respondent that it was Bruck's money that paid the entire purchase price of the property, and respondent's own testimony that he leased the property from Bruck and from 1923 until Bruck's death in 1930, he occupied it as a tenant and paid to Bruck as rental therefor during said period the sum of $50 per month. The evidence justifies the conclusion that it was Bruck's intention that if Henn survived him, Henn was to become the owner of the property, provided Henn paid him $50 per month as rental as long as Bruck lived, and in the event that Henn failed to make such payments or Henn predeceased Bruck, then neither Henn nor his estate would have any interest in the property, but the ownership would remain in Bruck with the means in his possession to easily acquire record title.

The method adopted to carry out Bruck's plan, aside from the devise contained in the will, fell far short of the requirements of the law.

 In order to accomplish a legal transfer of ownership in property, there must be, in addition to the intent, such overt acts as the law requires to be observed, in order that ownership may pass legally from one to another. Nor may one lawfully regain ownership in property which he had deeded to another by regaining possession of his delivered but unrecorded deed after the death of the grantee. In order to have effectively passed ownership from Bruck to Henn other than through the devise in Bruck's will, it would have required the execution and delivery by Bruck of a deed of conveyance prior to his death.

In support of the court's finding that ownership of the property is in him, respondent dwells at length on the purposes for and conditions upon which he executed and delivered the deed to Bruck. The considerations urged might be persuasive, if Henn at the time he executed and delivered the deed was the owner of the property. Inasmuch as Bruck was unquestionably the owner of the property, the only effect of Henn's deed was to put into Bruck's hands the means of easily making the record title show in him. In view of this situation, it would seem that the execution and delivery of the deed by Henn to Bruck does not affect the basic considerations which must determine the question of ownership here involved.

Viewed from the standpoint of the conduct of the parties, the evidence abundantly supports the conclusion that both Henn and Bruck considered that Bruck was the owner of the property during his lifetime, for, first, Henn testified he leased it from Bruck and paid Bruck as rental therefor $50 per month. Second, Bruck in his will made five years after the property was acquired, devised the property to Henn. Third, in his letter to Henn found in the safe deposit box, Bruck expressed the view that the only way ownership of the property would pass to Henn was through his will, unless Henn could manage to secure possession of his unrecorded deed after Bruck's death and destroy it. This in the belief that such destruction of the deed would operate to accomplish the same result as would be accomplished by the devise of the property under the will.

■ There is also confusion and conflict in the findings in this, that it is declared that the deed from Henn to Bruck was executed and delivered as security for the fulfillment of Henn's agreement to pay Bruck $50 per month, while it is also found that the deed was delivered upon an agreement that it was not to be effective in the event Bruck died first. In addition to these defects in the findings, the following findings of fact included in the conclusions of law are ambiguous and confusing:

"The deed dated May 28th, 1923, executed by Robert B. Henn to John J. Bruck, of the real property . . . was merely delivery of the deed's possession and was not accompanied by the intent that the deed should become operative as such, and that it was the intention of both parties that the party surviving should have his deed returned in case the other party should die, and furthermore said deed was handed over merely to be used as security if it was to be used at all."

The following paragraph in the judgment is equally confusing, and in part, at least, without support in the findings or conclusions of law:

"It is further ordered, adjudged and decreed, that the deed dated May 28th, 1923, executed by Robert B. Henn to John J. Bruck, to the property above described, was given as security for an obligation which is fully performed and satisfied and is now of no force and effect; that said deed was delivery of the deed's possession only, and was not accompanied by the intent that the deed should become operative as a deed, and that it was the intention of John J. Bruck and Robert B. Henn, that should Robert B. Henn survive John J. Bruck, the decedent, the delivery of said deed should not be accepted by said Bruck and said deed should not be recorded." ■ It will be noted that there are conflicting findings as to whether or not the deed was delivered, the purposes for which the deed was delivered, and the conditions upon which it was to become effective. The findings, conclusions of law and the judgment are all vulnerable to the attack made upon them by appellant.

■ As to the point urged by appellant that the court exceeded its jurisdiction as a court of probate in decreeing respondent to be the owner of the property, it is well settled that the probate court in such a proceeding, where the con-

troversy as to ownership of property is between a representative of the estate and the estate, has jurisdiction to determine the validity of the claim of ownership. (*Bauer* v. *Bauer,* 201 Cal. 267 [256 Pac. 820] ; *Estate of Klumpke,* 167 Cal. 415 [139 Pac. 1062].)

We do not deem it necessary to discuss the point raised by appellant that the court's judgment decreeing title in respondent is outside the issues raised by the petition and answer thereto. If the property does not belong to the estate, appellant cannot be affected by the questioned part of the decree.

As to the order of the court reducing the family allowance to appellant as widow of decedent, which appellant urges was, first, in excess of the power of the court to make; and second, if within the court's power, constituted abuse of discretion, we find no merit in either of these contentions. The power to make such a change is committed to the court. (Probate Code, sec. 681; *Estate of Nelson,* 167 Cal. 321 [139 Pac. 692].)

In view of the conclusions indicated on the points discussed, we do not deem it necessary to consider other questions raised and discussed in the briefs filed.

The judgment is reversed.

Houser, Acting P. J., and York, J., concurred.