[Civ. No. 10551. Second Appellate District.—Division One.—December 26, 1935.]

In the Matter of the Estate of AUGUSTE THOR, Deceased. FRED THOR, Appellant, v. PHILIP KUHN, Executor, etc., Respondent.

Edwin J. Miller for Appellant.

A. W. Brunton and Lauren M. Handley for Respondent.

HOUSER, P. J.—This is an appeal by the surviving but disinherited husband of Auguste Thor, deceased, from an order made by the probate court, by which the final account of the executor of the will of said Auguste Thor was approved and distribution of the estate was ordered.

It is well settled that, in view of the admitted fact that since the surviving but disinherited husband occupied the position of a stranger to the estate of his deceased wife, he had no standing in court in the matter either of the settle-

ment of the account of the executor of the will of Auguste Thor, or of the manner in which distribution of her estate should.be ordered. (*Estate of Rowland,* 74 Cal. 523, 526 [16 Pac. 315, 5 Am. St. Rep. 464]; *Estate of Burdick,* 112 Cal. 387, 396 [44 Pac. 734]; *Estate of Wenks,* 171 Cal. 607, 609 [154 Pac. 24]; *Estate of King,* 199 Cal. 113, 117 [248 Pac. 519]; *Bauer v. Bauer,* 201 Cal. 267 [256 Pac. 820]; *Shaw v. Palmer,* 65 Cal. App. 441, 446 [224 Pac. 106]; *Johnson v. Superior Court,* 102 Cal. App. 178, 185 [283 Pac. 331]; *Texas Co. v. Bank of America,* 5 Cal. (2d) 35 [53 Pac. (2d) 127].)

It follows that, having no right to be heard in the matter before the probate court, the surviving husband likewise had no right of appeal from any order that might be made in the premises.

It becomes unnecessary to discuss other questions presented on the appeal. It is ordered that the appeal be, and it is, dismissed.

York, J., and Doran, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 24, 1936.