[Civ. No. 6101.   Third Appellate District.—July 21, 1938.]

In the Matter of the Estate of FRANCESCO INGHILLERI, Deceased.   JOSEPHINE NORCIA, Executrix, etc., Appellant, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Executor, etc., Respondent.

Albert E. Sheets for Appellant.

Inman & West, Louis Ferrari, I. A. Cereghino and Kenneth M. Johnson for Respondent.

THOMPSON, J.—From an order refusing to direct the executor of the estate of Francesco Inghilleri, deceased, to include in the inventory as property of the estate a fund belonging to a voluntary trust, the petitioner has appealed.

It is contended the declaration of trust is testamentary in character and void and that the fund created thereby is the property of the estate of said deceased.

Francesco and Rose Inghilleri were husband and wife. April 9, 1927, he executed a voluntary trust agreement for the handling of a fund of $8,100, by the terms of which the Bank of Italy National Trust and Savings Association, now the Bank of America National Trust and Savings Association, was constituted trustee. This money was the separate property of the decedent. The trust was ratified and approved in writing by Rose Inghilleri and accepted by the bank. July 29, 1927, the trustor executed a will, by the terms of which he devised and bequeathed all of his property to his wife, Rose, in the event that she survived him. Otherwise the property was bequeathed to other named relatives. The Bank of Italy National Trust and Savings Association was also named as executor of the will. May 5, 1933, Rose Inghilleri died. On September 2, 1934, Francesco married Matilda Inghilleri. Francesco executed no other will. January 18, 1937, he died. Upon application therefor, the will was admitted to probate, and the bank was appointed and duly qualified as executor thereof. In due time an inventory was filed in his estate which did not include the fund involved in the declaration of trust, which is in the form of cash in the amount of $9,230.13. Matilda Inghilleri filed in the above-entitled estate her petition reciting the foregoing facts and praying for an order requiring the executor to file his amended inventory including therein, as the property of the estate, said trust fund amounting to the sum of $9,230.13. To that petition the executor filed an answer denying that said sum belongs to the estate of said deceased or that it ever came into the possession of the executor. The petition was heard by the probate court and denied. From that order the petitioner appealed.

The court correctly refused to direct the executor of the estate of Francesco Inghilleri, deceased, to include in the inventory as the property of the estate the trust fund. The

probate court was without jurisdiction to try the title to that property. (*Guardianship of Vucinich,* 3 Cal. (2d) 235, 243 [44 Pac. (2d) 567]; *McPike* v. *Superior Court,* 220 Cal. 254 [30 Pac. (2d) 17]; *Ex parte Casey,* 71 Cal. 269 [12 Pac. 118]; 11A Cal. Jur. 94, sec. 41.)  ▇  It is only when the property in question is claimed by the executor or other representative of the estate *in his individual capacity* that the probate court has jurisdiction to determine the title thereto upon the application of an heir of the decedent or of a person interested in the estate. (*Bauer* v. *Bauer,* 201 Cal. 267 [256 Pac. 820]; *Estate of Bruck,* 140 Cal. App. 300, 309 [35 Pac. (2d) 431].)

In the Vucinich Guardianship matter, *supra,* the court said:

"The power to determine as against the executor what money or other property belonging to the estate has come into his hands is implied in the power to settle his accounts and determine what remains in his hands to be distributed. (*Estate of Burdick,* 112 Cal. 387 [44 Pac. 734]; *Stevens* v. *Superior Court,* 155 Cal. 148 [99 Pac. 512].) This power, however, is limited, in cases where title thereto is in controversy, to those where the executor or other personal representative claims the property in his individual capacity. (*Estate of Kelpsch,* 203 Cal. 613 [265 Pac. 214]; *Bauer* v. *Bauer,* 201 Cal. 267 [256 Pac. 820]; *Estate of Roach,* 208 Cal. 394 [281 Pac. 607].) It is undoubtedly the rule that the superior court sitting in probate is without jurisdiction to try the question of title to property as between a representative of the estate and strangers to the estate. (*Ex parte Casey,* 71 Cal. 269 [12 Pac. 118]; *Estate of Haas,* 97 Cal. 232 [31 Pac. 893, 32 Pac. 327].) It will be readily noted from these citations that the line of demarcation between jurisdiction and nonjurisdiction of the probate court to determine what money or property, title to which is disputed, belongs to the estate, is determined by the status of the claimants. If it is claimed by the executor in his individual capacity, the probate court has power to consider and determine the validity of that claim. But if claimed by or on behalf of a stranger to the estate, the probate court has no jurisdiction to determine the controversy."

In the present case the proceeding to require the executor to include in the inventory of the estate the trust fund as

property belonging to the estate, involved a determination of the title to that money. The title to that fund could be determined only by construing the terms of the Declaration of Trust. The trust money was not in the hands of the executor as a representative of the estate. Nor does the representative of the estate claim title to the fund in his individual capacity, or otherwise.

The declaration of trust which is involved in this controversy specifically conveyed to the trustee, bank, a fund of $8,100 to "own, hold and manage . . . as the trustee shall deem for the best interests of the Trust" for the benefit of the trustor. The agreement does provide that the trustor may "give any *reasonable direction* in writing" with respect to the sale, exchange, hypothecation or investment of the securities or funds. It is also provided that the trustor may, in writing, modify or revoke the trust agreement. In the event of a revocation of the trust prior to the death of the trustor the property remaining in the hands of the trustee is to be conveyed in kind to the trustor. Finally, it is provided that if the trust is not sooner revoked, upon the death of the trustor, it shall terminate, and all money and property remaining in the trustee's possession, shall be paid and delivered to Rose Inghilleri, the wife of the trustor, and in the event of her death prior thereto, it is to be distributed in amounts specified to a brother, sister, brother-in-law and nephews of the trustor, who are named in the instrument.

Upon the hearing of this petition to require the executor to include in the inventory as the property of the estate this trust fund, the probate court on sound reasoning, supported by adequate authorities, held that the written agreement constitutes a valid trust, and that the funds thereof in the hands of the trustee do not belong to the estate of the decedent.

In view of what we have previously said, it is not necessary for this court to determine the validity of the declaration of trust. For the reason that the probate court was without jurisdiction to try the title to the trust fund in the hands of the trustee to which the executor in his individual capacity makes no claim, the order is affirmed.

Pullen, P. J., concurred.