[Civ. No. 7650. Third Dist. Sept. 13, 1949.]

JULIAN W. TEEPLE, Appellant, v. HENRY H. STANLEY et al., Respondents.

Bryce Swartfager for Appellant.

Harry T. Kyle, Clarendon W. Anderson and Paul Golis for Respondents.

SCHOTTKY, J. pro tem.—Plaintiff and appellant, surviving husband of Tymie P. Teeple, deceased, filed this action for reformation of a deed which conveyed certain real property to Tymie P. Teeple as her separate property, and by

said action sought to reform the deed so that it would convey the property to himself and Tymie P. Teeple as joint tenants. Defendant and respondent Henry H. Stanley is a son of said deceased, and he and appellant are her only heirs at law. Appellant alleged that the consideration for said deed was the joint tenancy funds of him and his wife, but that by the mutual mistake of appellant and defendants the Fosters, the grantors, and by the fraud of Tymie P. Teeple, the deed was erroneously made to Tymie P. Teeple as her separate property. The Fosters, grantors named in the deed, were served but made no appearance and their default was entered.

Defendant and respondent denied the material allegations of the complaint and also set up the defense that Tymie P. Teeple died on September 2, 1946, that the matter of her estate was pending in the probate court, and that the superior court was without jurisdiction to determine the action.

Upon the calling of the case for trial respondent demurred to the taking of evidence for the reason alleged in his answer, and upon the further ground that appellant had theretofore been appointed and had qualified as administrator of the estate of Tymie P. Teeple and therefore had not the legal capacity to maintain this action. The court reserved its rulings upon the objection, and evidence was received subject thereto.

At the conclusion of the evidence respondent renewed his demurrer to the evidence and also made a motion to dismiss the action. The court thereafter filed an order sustaining the demurrer to the evidence and granting the motion to dismiss. This appeal is from such order.

Appellant contends that the trial court erred in dismissing the action. He argues that "the issue in the instant case does not primarily involve title to real property as between the estate of decedent and the administrator; that primarily it involves the equitable remedy of reformation; and that, therefore, the equity side of the court is properly clothed with jurisdiction to determine the cause." Respondent in reply contends that in a case where the administrator claims property in his own individual right against the estate, the superior court sitting in probate has incidental power to determine the title as between the representative and the estate.

It is undoubtedly the rule in California that title to real property cannot be tried in probate proceedings as

between the estate or heirs or devisees, and a stranger to the estate. (*Estate of Inghilleri,* 27 Cal.App.2d 664 [81 P.2d 568]; *McCarthy* v. *McCarthy,* 205 Cal. 184 [270 P. 211]; *Bauer* v. *Bauer,* 201 Cal. 267 [256 P. 820]; *Estate of Wenks,* 171 Cal. 607 [154 P. 24]; *Estate of Klumpke,* 167 Cal. 415 [139 P. 1062].) But it is equally well settled in California that the superior court in the exercise of its probate jurisdiction may try and determine, as an incident to the final account of an administrator or executor, title to property claimed by such administrator or executor in his own right.

In the case of *Bauer* v. *Bauer, supra,* which was a case involving a deed to real property claimed to have been delivered by decedent to the grantee, the executor of decedent grantor's will, the court said, at pages 271-272:

"It is undoubtedly the rule that the superior court sitting in probate is without jurisdiction to try the question of title to property as between a representative of the estate and strangers to the estate. (*Ex parte Casey,* 71 Cal. 269 [12 P. 118]; *Estate of Haas,* 97 Cal. 232 [31 P. 893, 32 P. 327].) This is necessarily so for the reason that either the person initiating the attack or the person resisting the attack is lacking in privity to the probate proceedings.

"It has, however, been held that when the title to property is claimed by a representative of an estate in his individual capacity the superior court, sitting in probate, is vested with the jurisdiction of determining the validity of such claim upon the settlement of the final accounts of such representative. (*Stevens* v. *Superior Court,* 155 Cal. 148 [99 P. 512]; *Estate of Fulton,* 188 Cal. 489 [205 P. 681]; 2 Woerner's American Law of Administration, 3d ed., note, p. 1007; 3 Woerner's American Law of Administration, p. 1769.)

"Appellants attempt to distinguish the cases cited by respondents upon the ground that the cases holding that the probate court has jurisdiction to determine the title to property claimed by the representative of an estate in his individual capacity were cases wherein the possession of the property was acquired by the representative by virtue of his official capacity. This may be conceded to be true of several of the cases cited by respondents. The case of *Stevens* v. *Superior Court, supra,* cannot, however, be so distinguished. The facts are practically identical. In that case the executor alleged that the testator had transferred certain money to him in his individual capacity prior to the testator's death

and claimed the property as his individual property. Upon objections being filed to his final account upon the ground that said executor had failed, neglected and refused to account for the sum of money claimed by him, he sought a writ of prohibition to prevent the superior court, sitting in probate, from determining the validity of his title. The writ was denied upon the ground that the probate court did have the power to determine the title. The court said: 'It seems clear to us that the probate court must necessarily have the power to incidentally try and determine such an issue between the executor or administrator and the estate in the matter of the settlement of his exhibits and accounts. . . . We think there can be no doubt that the superior court, sitting in probate, has jurisdiction to determine as against an executor the amount of money or property of the estate that has come into his hands, for the purpose of charging him therewith, and in determining that question to determine all issues necessarily incidental thereto.' ''

And in the later case of *Estate of Roach,* 208 Cal. 394 [281 P. 607], the court, at pages 396-397, restated the facts of the Bauer case as pertinent, and quoted in part the portion of the opinion in that case above quoted. It then added: ''The necessary effect of the above decision, in dismissing said proceeding in equity, is to vest in the probate court exclusive jurisdiction to hear and determine issues of this character. Had appellant followed the ruling of the lower court here and instituted an equitable proceeding, it could, under the holding of the Bauer case, only have met with dismissal and his efforts to so secure relief would have been unavailing.'' (See, also, *Guardianship of Vucinich,* 3 Cal.2d 235, 243 [44 P.2d 567].)

In view of the foregoing we conclude that the trial court correctly held that the superior court was without jurisdiction to determine appellant's title to the property in a separate action. Therefore the order sustaining the demurrer to the evidence and granting respondent's motion to dismiss the action should be and the same is hereby affirmed.

Adams, P. J., and Thompson, J., concurred.