[Civ. No. 19896. First Dist., Div. Two. May 16, 1962.]

KATHLEEN M. ROUSSEAU, Plaintiff and Appellant, v. RICHARD RAOUL-DUVAL, as Administrator, etc., et al., Defendants and Respondents.

Kathleen M. Rousseau, in pro. per., for Plaintiff and Appellant.

Tobin & Tobin and O'Gara & O'Gara for Defendants and Respondents.

AGEE, Plaintiff, Kathleen M. Rousseau, filed a complaint herein on September 17, 1959, in propria persona. She alleges that she is a daughter of Josephine B. McConnon, deceased, and that she did not receive proper notice of the hearing of the petition for final distribution of her mother's estate; that the hearing was held on September 17, 1956; that by reason of said lack of proper notice, plaintiff was deprived of the opportunity to defend her rights as an heir. The defendants are described as either attorneys for the estate or attorneys employed to represent her in the estate. She alleges that none of them gave her proper notification of the hearing.

The law firm of Tobin & Tobin and Richard Raoul-Duval, of that firm, interposed a general demurrer. So did the law firm of O'Gara & O'Gara and Paul O'Gara, of that firm. These demurrers were sustained without leave to amend and plaintiff appeals from the judgment which followed.

 Under the authority of *Flores* v. *Arroyo*, 56 Cal.2d 492 [15 Cal.Rptr. 87, 364 P.2d 263], we take judicial notice of the decree of final distribution entered in the estate of plaintiff's deceased mother. The decree recites that the mother died on December 31, 1949, leaving a will which was admitted to probate on March 29, 1951; that Virginia Hurtado was appointed and qualified as executrix thereof, that notice of the hearing of the petition for final distribution of the estate had been given in all respects as required by law; that Virginia Hurtado is the sole legatee named in said will; that the final account of the executrix is allowed and approved; that the entire estate is distributed to Virginia Hurtado.

On November 23, 1956, plaintiff filed a notice of appeal from the final decree of distribution. On February 25, 1958, this appeal was dismissed by this court, which stated in its order that it was doing so "under authority of *Estate of Thor*, 11 Cal.App.2d 37 [52 P.2d 966]."

In *Estate of Thor, supra,* the court said: "It is well settled that, in view of the admitted fact that since the surviving but disinherited husband occupied the position of a stranger to the estate of his deceased wife, he had no standing in court in the matter either of the settlement of the account of the executor of the will of Auguste Thor, or of the manner in which distribution of her estate should be ordered. [Citing

authorities.] It follows that, having no right to be heard in the matter before the probate court, the surviving husband likewise had no right of appeal from any order that might be made in the premises.''

As applied to the instant case, this means that plaintiff suffered no actionable wrong if, in fact, she did not receive ''proper'' notice of the hearing of the petition for final distribution, since the will of her mother left everything to another daughter, Virginia Hurtado, and the order of March 29, 1951, admitting such will to probate, had never been set aside and had long since become final. In fact, a will contest filed by plaintiff on October 19, 1956, was dismissed on November 28, 1956, and no appeal was ever taken from the judgment of dismissal, which was entered on November 29, 1956.

Judgment affirmed.

Kaufman, P. J., and Shoemaker, J., concurred.

A petition for a rehearing was denied June 15, 1962, and appellant's petition for a hearing by the Supreme Court was denied July 11, 1962.