Filed 5/21/13  Estate of Ringgold CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SEVEN

| | |
|---|---|
| Estate of EUGENIA RINGGOLD, Deceased. | B235032 |
| DORIAN CARTER, Petitioner and Appellant, v. THOMAS McCULLOUGH, Jr., as Administrator, et al., Respondents. | (Los Angeles County Super. Ct. No. SP008233) |

APPEAL from orders of the Superior Court of Los Angeles County.  Joseph Biderman and Craig Karlan, Judges.  Dismissed.

Law Offices of Amy P. Lee and Amy P. Lee for Petitioner and Appellant.

Douglas S. Fabian for Respondent Thomas McCullough, Jr.

Nina R. Ringgold for Respondent Nathalee Evans.

_____

Dorian Carter, daughter of decedent Eugenia Ringgold, appeals the denial of her ex parte application to vacate a series of orders made in the probate case involving Ringgold's will. We dismiss the appeal because Carter, as a disinherited child, lacks standing to appeal issues relating to the administration of the estate.

### FACTUAL AND PROCEDURAL BACKGROUND

The dispute over Eugenia Ringgold's estate has been before this court many times. Ringgold created a will and trust before her 2006 death. Tracy Sheen, who had been designated as trustee in an interlineation to the trust document, petitioned to be confirmed as trustee. Ringgold's friend Nathalee Evans challenged the petition and sought to be appointed trustee herself. Ultimately, Sheen was confirmed as trustee, and this Court affirmed Sheen's confirmation. (*Evans v. Sheen* (Mar. 2, 2010, B196909, B201949, B202637, B209064) [nonpub. opn.].) Evans then petitioned for Ringgold's will to be admitted to probate and to be named executor. (*Evans v. McCullough* (Nov. 14, 2012, B232397) [nonpub. opn.], at p. 2.) The probate court declined to name Evans as the executor and appointed Thomas McCullough, Jr. as special administrator. (*Id*. at pp. 2-3.) Evans appealed, and we affirmed the court's orders. (*Id*. at p. 1.)

Now Dorian Carter, Ringgold's daughter, has joined the dispute. Carter was disinherited by Ringgold's estate plan and has not filed a will contest. On June 9, 2011, she filed an ex parte application seeking to vacate orders appointing McCullough as the special administrator, administrator with will annexed, or in any other capacity; to vacate the court's orders of January 21, 2011, February 25, 2011, April 8, 2011, and May 20, 2011;[1] to cause Ringgold's records be handed over to Carter; and to secure an order to

---

[1] On January 21, 2011, the court denied Evans's petitions to probate multiple versions of Ringgold's will and granted McCullough's petition for letters of administration. (*Evans v. McCullough* (Nov. 14, 2012, B232397) [nonpub. opn.], at p. 3.) On February 25, 2011, the court denied Evans's application to vacate the order appointing McCullough as administrator, admitted Ringgold's will to probate, and modified its January 21, 2011 order. After several months of briefing and objections

show cause concerning sanctions against McCullough. The trial court denied the ex parte application without a hearing on June 9, 2011, although the court did on that date order McCullough to post a bond or obtain a waiver of the bond requirement. Carter appeals the denial of her ex parte application. Carter also appeals what she describes in her notice of appeal as the order of July 15, 2011, but two orders were issued that day: an order concerning the bond requirement and an order appointing McCullough special administrator of Ringgold's estate.[2]

## DISCUSSION

Carter purports to challenge on appeal the orders appointing McCullough as special administrator; the failure to award Carter or Evans possession of Ringgold's files; and the refusal to order sanctions against McCullough or set an order to show cause. Carter has neither demonstrated that these rulings are appealable (see Prob. Code, § 1303, subd. (a)) nor that our prior opinion (*Evans v. McCullough* (Nov. 14, 2012, B232397) [nonpub. opn.]) has not settled many of the issues of which she complains. Assuming, however, that the orders are properly appealable, Carter, as a disinherited daughter, has no standing to appeal them. The probate court has determined, consistently with the text of Ringgold's will, that the will is a pour-over will conveying the assets of her estate to

concerning the contents of the resulting orders, on April 8, 2011, the court issued an order encompassing Evans's petitions and McCullough's petition. (*Evans v. McCullough* (Nov. 14, 2012, B232397) [nonpub. opn.], at p. 3.) The court denied Evans's first petition to probate Ringgold's will; granted in part her second petition to probate Ringgold's will in that the will was admitted to probate; refused to appoint Evans as executor; and appointed McCullough administrator with will annexed of Ringgold's estate. (*Id*. at pp. 3-4.) On May 20, 2011, the probate court granted McCullough's petition for letters of special administration; denied a petition filed by Evans and a Ringgold grandchild for letters of special administration; and declined to transfer the case.

[2]     Evans and Carter submitted notice of efforts to remove this matter to various federal courts, prompting this court to request that the parties inform the court of the present status of all removal efforts. From the documentation submitted by McCullough, it appears that the attempts remove the action to federal court were unsuccessful and that the matter has been remanded on multiple occasions to the California courts.

3

her trust. Ringgold's trust document expressly excludes Carter as a beneficiary and specifies that she is not to receive any of Ringgold's tangible personal property or her money. Carter's counsel has not challenged the validity of the will, and she has acknowledged that Carter is specifically disinherited under the trust. Accordingly, Carter, as a surviving but disinherited daughter, has no interest in her mother's estate, and cannot demonstrate that she has been aggrieved by any of the claimed errors in the handling of an estate to which she is not an heir. As she has not suffered any legal injury, she lacks authority to raise these claims on appeal. (Code Civ. Proc., § 902; *County of Alameda v. Carleson* (1971) 5 Cal.3d 730, 736-737 [to have standing to appeal, a person must be aggrieved in the sense that his or her rights or interests are injuriously affected]; *Estate of Thor* (1935) 11 Cal.App.2d 37, 37-38 [disinherited husband is a stranger to estate and has no right to appeal orders made in probate proceedings].)

Carter contends that she has standing because she is an heir under Probate Code section 48 and would be the sole intestate heir, and she claims that there has been no adjudication of her position regarding her mother's estate plan. Therefore, she appears to be arguing that, like the son in *Estate of Bartsch* (2011) 193 Cal.App.4th 885, 890-891, because her position with respect to the estate has not yet been conclusively adjudicated she has standing to litigate her view of the estate plan. This argument is not persuasive, however, because Carter has not articulated any colorable theory under which she could stand to inherit from Ringgold's estate.[3] Carter's contention as to how she, as a disinherited child, nonetheless has an interest in her mother's estate relies on a convoluted series of assertions in which she attempts to sidestep Ringgold's much-litigated trust with another challenge to its nature and viability, here couched in terms of the qualification of this trust under the will: Carter claims that because Ringgold's trust document was determined to be a declaration of trust, her trust is not a living trust, so no

_____

[3] While the fact that Carter would be an intestate heir to her mother's estate would have given her standing to contest the will (Prob. Code, § 48; *Estate of Lind* (1989) 209 Cal.App.3d 1424, 1431), she has not done so, and she concedes that the time has passed for a will contest.

trust exists to receive assets that were bequeathed to the Ringgold living trust by Ringgold's will. Instead, she claims, the savings clause of the will creates a new trust, and this new trust has a trustee other than the confirmed trustee of Ringgold's existing trust. That trustee is authorized to make distributions at his or her discretion "to or for the benefit of any one or more (or none)" of Ringgold's grand-nieces, grand-nephews, or grandchildren, and Carter claims that the "or none" phrase silently authorizes the trustee to provide for Carter's needs out of trust funds.

Carter's interpretation of the will is utterly inconsistent with the plain language used by the testator. Ringgold's will unequivocally expressed her intent to direct her assets to her trust, not to create a separate trust; and regardless of the litigation over the categorization of Ringgold's trust, the trust unquestionably exists, so no resort to the savings clause is necessary. Even if the will could be understood to create a new trust, no trustee could provide for Carter as she contends, for the trust document expressly prohibits the trustee from distributing any of the corpus of Ringgold's estate to Carter. As Carter has not presented any legally cognizable theory under which she could have an interest in her mother's estate beyond the intestate succession she concedes will not occur, she, unlike the potential heir in *Bartsch*, *supra*, 193 Cal.App.4th 885, has not demonstrated that she has standing to contest the various orders made with respect to the administration of the Ringgold estate.

Respondent Evans contends that as executor of Ringgold's will she owns Ringgold's files and records. The probate court, however, denied Evans's petition to be named executor of Ringgold's will, and we affirmed that ruling. (*Evans v. McCullough* (Nov. 14, 2012, B232397) [nonpub. opn.].) As we have previously held, Evans, as neither an heir nor the executor, is a stranger to the Ringgold estate and has no interest in the estate or its administration (*id*. at pp. 7-8); she therefore has no basis for a claim of ownership of Ringgold's files.

**DISPOSITION**

The appeal is dismissed.  Respondent Nathalee Evans shall bear her own costs on appeal; respondent Thomas McCullough, Jr., shall recover his costs on appeal.


ZELON, J.

We concur:


PERLUSS, P. J.


WOODS, J.


6